Wilson et al., for use, *v.* Vincent et al., Appellants.

322

Argued March 25, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

J. *Howard Neely,* with him *William E. Porter,* for appellant.—The warrant of attorney is being used for a purpose other than that for which it was given; it was given for the sale of real estate, it used for the sale of lumber: Eddy v. Smiley, 26 Pa. Superior Ct. 318.

The declaration fails to aver the tender of a deed conveying marketable title and therefore does not show a default by defendants or a breach of their contract, without which judgment cannot be sustained and the authority of the warrant is exceeded: Lefferts v. Dolton, 217 Pa. 299; Richman v. Stuart, 26 Pa. Dist. R. 947.

The warrant of attorney confers no authority to confess judgment on the present plaintiffs; nor did it authorize any judgment other than one in favor of all vendors: Eddy v. Smiley, 26 Pa. Superior Ct. 318; Pollitt v. Lieberman, 12 Lehigh 413; Boggs v. Levin, 297 Pa. 131.

The warrant of attorney to confess judgment was a personal covenant not assignable, and defendants signed no such warrant in favor of an assignee: Shoemaker v. Keeley, 2 Dallas 213; Sensenig v. R. R., 229 Pa. 168; Fritz v. Horten, 243 Pa. 187; Boggs v. Levin, 297 Pa. 131.

J. *Norman Martin,* of *Martin & Martin,* for appellees. —The warrant of attorney covers moneys unpaid under that part of the agreement requiring second parties to pay a fixed percentage on the value of the timber, etc.,

removed. The contract was severable: Rugg v. Moore, 110 Pa. 236; Shinn v. Bodine, 60 Pa. 182; Jones v. Dunn, 3 W. & S. 109.

The only persons entitled to receive this money were the legal plaintiffs, they being the persons named in the covenant as entitled to it, and the warrant of attorney was in aid of the collection of the debt: Fritz v. Horten, 243 Pa. 187; Lynch v. Lynch, 150 Pa. 336; Post v. Ry., 171 Pa. 615; Sentinel Printing Co. v. Long, 28 Pa. Superior Ct. 608; Lewis v. Browning, 111 Pa. 493; Hopkins v. Stockdale, 117 Pa. 365; Gailey v. Mellon, 172 Pa. 443.

The record supports the judgment: Phila. v. Jenkins, 162 Pa. 451; France v. Ruddiman, 126 Pa. 257; Adams v. Grey, 154 Pa. 258; Davidson v. Miller, 204 Pa. 223; Stoke v. McCullough, 107 Pa. 39; Hall v. Publishing Co., 180 Pa. 561; Breden v. Gilliland, 67 Pa. 34.

OPINION BY MR. JUSTICE FRAZER, May 12, 1930:

By written agreement dated September 21, 1911, the legal plaintiffs agreed to sell to defendants four tracts of timberland situated in Juniata County, for the sum of $5,270.47, the purchase price to be paid within four years from the date thereof, with the right however in the purchasers to pay the entire balance at any time and demand execution and delivery of a deed. The purchasers were further permitted under the agreement to enter upon the land at once and remove timber therefrom, in consideration of which they agreed to render statements every three months of the value of all timber cut and removed and pay to plaintiffs ten per cent of such value, which sums were to be applied on account of the purchase price. The agreement further contained a warrant of attorney to confess judgment "for the purpose of the collection of any installment of the purchase money as provided in this agreement for the payment of ten per cent on shipments of timber, etc., removed," the

judgment to be "for the amount of the said payments due and in arrears."

Defendants entered into possession of the property, proceeded to cut and remove timber and rendered statements from time to time but failed to pay ten per cent of the value of the portion removed as required by the contract, whereupon plaintiffs, pursuant to the warrant of attorney contained in the contract, filed a declaration and confession of judgment showing that, according to statements rendered from time to time by defendants, the latter had cut and removed timber to the total value of $47,605.11, whereby the sum of $4,760.51 was due on April 30, 1916, on which, after adding interest to date and crediting payments defendants had made on account, there was a balance of $4,300.08 still due and unpaid, and for which amount judgment was duly entered. On October 24, 1928, defendants filed a petition for a rule to strike off the judgment, which rule was subsequently discharged by the court below and from the order so entered this appeal followed.

Much of the argument advanced by appellants raises questions clearly proper under a motion to open the judgment, but which have no place in the argument of a motion to strike off. A judgment will be stricken off only because of defects which are apparent on the face of the record, and in disposing of such motion the court will not consider matters depending upon extrinsic proof. If the judgment, as entered, is regular on its face and defendants feel they are aggrieved thereby, their remedy is by motion to open the judgment and not to strike it off. "The distinction between striking off and opening a judgment is clear and well settled. It can be stricken off only for irregularity appearing on the face of the record. Relief from it, when regularly entered, and upon which no process has been issued, if the defendant is entitled to relief, must come through a motion or petition to open it, such motion or petition being an appeal to the equitable power of the court to let

the defendant in to a defense": Spiese v. Shee, 250 Pa. 399, 400, and cases there cited. Applying the above rule we will consequently consider only such matters as are apparent on the face of the record.

Appellants argue that the warrant was given to secure the sale of real estate, whereas it was used to collect the purchase price of lumber. The obvious answer is that the warrant, by its express language, states it is for the purpose of collecting any installments of purchase money due and in arrears "as provided in this agreement for the payment of the ten per cent on shipments of timber." These payments are extended over a period of years and are not in any manner conditioned upon tender of a deed conveying a good marketable title. Hence judgment could be properly entered without averring such tender. If there was failure of title the procedure to determine that question is by rule to open the judgment.

The agreement is made by Wilson and Whitsel, the former acting for himself and as attorney in fact of McNab, as "owners and possessors" of the land and described as "parties of the first part." Henry Vincent, Sr., Henry Vincent, Jr., and Thaddeus S. Vincent, doing business under the name of Vincent Lumber Company, are the "parties of the second part," who authorize the confession of judgment against them for payments due and in arrears. While they do not specify the persons in favor of whom such judgment is to be entered, the only reasonable implication is that it is to be in favor of the other parties to the contract to whom they owed money. The three parties of the first part being joined as parties plaintiff, the judgment was properly entered and it is immaterial that use-plaintiffs are added as parties to the record: Fritz v. Horten, 243 Pa. 187. Defendants are not concerned with the title of the use-plaintiffs, the sole question being whether the legal plaintiffs are entitled to recover: Howes v. Scott, 224 Pa. 7.

Complaint is also made that judgment is confessed, only against individuals who had signed the agreement, but who were designated as the name of the firm under which defendants did business. The judgment is against "Henry Vincent, Jr., and Thaddeus S. Vincent, surviving partners and obligors with Henry Vincent, Sr., doing business under the name of the Vincent Lumber Co." This is not a judgment against the firm, but against surviving individuals comprising the firm, the remainder of the caption being merely descriptive of the individuals and adding nothing to the judgment entered. These additional words were surplusage and may be disregarded.

The record being regular on its face, the court below properly refused to strike it off.

The judgment is affirmed at appellants' costs.