Cox *v.* Felice Perri & Sons, Appellant.

Argued October 1, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Arthur R. Gorr,* with him *Stein and Winters,* for defendant, appellant.

*Leonard E. Price,* and *Price & Bercik,* for plaintiff, appellee.

*Gary F. Sharlock,* with him *Mercer & Buckley,* for additional defendant, appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, November 12, 1963:

The propriety of an order of the Court of Common Pleas of Allegheny County which struck off a judgment of non pros entered in a trespass action for personal injuries is the sole issue on this appeal.

On February 20, 1961, George Cox (Cox) instituted an action of trespass for personal injuries against Felice Perri and Sons, (Perri), a partnership, sustained as the result of an accident which occurred on July 16, 1959. Perri joined Easton Lumber & Builders Supply Company (Easton) as an additional defendant.

On October 10, 1962, Perri's counsel served on Cox's counsel a notice for the taking of Cox's depositions on November 1, 1962. Cox did not appear for the deposition. The case was then listed for conciliation on January 8, 1963 at which time Cox's counsel informed the court and Perri's counsel that he could not locate Cox and, therefore, conciliation was not possible. On January 28, 1963, with due notice to Cox's counsel, Perri's counsel presented a motion for sanctions under Pa. R.C.P. 4019(c)(3),[1] seeking a judgment of non pros. Neither Cox nor his counsel appeared to oppose that motion, yet, nevertheless, the court denied the motion.

On March 15, 1963—over two years after institution of suit—Perri's counsel again moved for judgment of non pros and again neither Cox nor his counsel appeared to oppose the motion. The court then directed that a judgment of non pros against Cox be entered unless he appeared for a deposition within thirty days of the order. Although Cox's counsel received notice of this order neither Cox nor his counsel appeared and, upon motion of Perri's counsel, a judgment of non pros was then entered.

---

[1] That rule empowers a court to enter, inter alia, a judgment of non pros against a party whose conduct falls within Pa. R.C.P. 4019(a).

*Seven weeks later,* Cox's counsel filed a motion *to strike off the judgment of non pros* alleging (a) that Cox's counsel had not known of Cox's whereabouts and was unable to notify him to appear for depositions, (b) that Cox had not been served with a subpoena to attend the depositions and (c) Cox's whereabouts were now known and Cox was ready to have his depositions taken. This motion was presented to the court on May 27, 1963 and notice of the presentation of such motion, mailed to Perri's counsel, was not received until the very day on which the motion was being presented. Perri's counsel did appear and opposed the motion but, nevertheless, the court ordered that the judgment of non pros be stricken from the record. From that order this appeal was taken.[2]

We are without any reason on the part of the trial judge in support of his order and, certainly, the record gives no support or justification for the order.

The order of the court is clearly invalid. In the first place, a motion to strike off a judgment of non pros, regular on its face, challenges only defects appearing on the face of the record (*Lipshutz v. Plawa,* 393 Pa. 268, 141 A. 2d 226; *Nixon v. Nixon,* 329 Pa. 256, 198 Atl. 154) and the instant motion does not, nor does it purport to, attack the entry of this judgment for any defects apparent on the face of this record; on the contrary, the reasons assigned in the motion for the removal of the judgment are dehors the record of the judgment. The appropriate proceeding would have been a petition and rule to open the judgment, a proceeding which would necessarily have involved the taking of testimony to establish the verity of the facts alleged for the removal of the judgment: *Wilson v.*

---

[2] Despite the fact that notice was given to the court below that an appeal had been taken on June 4, 1963, yet, at the time of oral argument, the court below had not filed an opinion setting forth the reasons for his order. This is a clear violation of Rule 63 of the Rules of this Court.

418

*Vincent,* 300 Pa. 321, 150 Atl. 642. By the procedure adopted, clearly and patently erroneous, Perri's counsel was precluded from contradicting by testimony the facts averred in the motion. In the second place, we cannot treat this motion as a petition to open the judgment as we did in *Mazer v. Sargent Electric Company,* 407 Pa. 169, 180 A. 2d 63, because the court below, by failing to set a date for a hearing to take testimony on the facts alleged dehors the record, precluded us in treating this as a petition to open judgment. In the third place, unlike a review of an order granting the opening of a judgment wherein the test is whether there was an abuse of discretion on the part of the court below, on our review of this order we look only to the record to ascertain the presence of any defects and such an examination of the record clearly reveals no such defects.

The language of this Court in *Hale v. Uhle,* 293 Pa. 454, 458, 143 Atl. 115, clearly applies herein: "If for such unsubstantial reasons a salutary rule of court could be set at nought, it would be useless, and a defendant would be unable to protect himself from intolerable delays."

Order reversed without prejudice. Costs on Cox.