579 A.2d 403

**Terrance WILLIAMS, Appellant,**

v.

**Stephen GALLAGHER, Appellee.**

Superior Court of Pennsylvania.

Submitted May 8, 1990.

Filed Sept. 7, 1990.

Terrance Williams, pro se.

Stephen P. Gallagher, Philadelphia, pro se.

Before CAVANAUGH, ROWLEY, McEWEN, OLSZEWSKI, DEL SOLE, MONTEMURO, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

MONTEMURO, Judge:

This is a direct appeal from the entry of a judgment of *non pros.* The appellant, Terrance Williams, was represented in a criminal matter by the appellee, Stephen P. Gallagher. In September of 1987, appellant filed a legal malpractice action against the appellee. Appellant was incarcerated at the time, and filed the lawsuit *pro se.* Appellant alleged in the complaint that appellee had negligently failed to file a direct appeal from appellant's criminal conviction and that, as a result, appellant had suffered, *inter alia,* pain and suffering. Appellee subsequently filed preliminary objections, and the appellant filed a response to the preliminary objections in March of 1988. By Order dated August 16, 1988, the trial court removed appellant's claim for $1,000,000 in damages, but otherwise denied appellee's preliminary objections. When the appellee filed his answer, containing New Matter, in September of 1988, appellant promptly filed a response to the New Matter on September 19, 1988. Approximately one month later, on November 4, 1988, a judgment of *non pros* was entered for failure of the appellant to appear at the call of the list for assignment to trial. *See* Pa.R.C.P. 218.

We begin by recognizing that a party may file a direct appeal from the entry of a judgment of *non pros. See Valley Peat & Humus v. Sunnylands, Inc.,* —— Pa.Super. ——, 581 A.2d 193 (en banc) (1990). A judgment of *non pros* is properly entered where the following exists:

"... a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses." *James Bros. Lumber v. Union Banking & Trust Co.*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968) (citations omitted).[1]

In the instant case, we are convinced that the trial court abused its discretion in entering the judgment of *non pros* on November 4, 1988. Apparently due to his incarceration, the appellant was not aware that his case had been listed for trial. Given the nature of the cause of action, and appellant's diligence in responding to pleadings and motions filed by appellee, we cannot imagine how the appellee was prejudiced by appellant's failure to appear at the call of the list on November 4, 1988. There is no question, given the content of appellant's filings in the trial court, that the appellee was fully apprised of the nature of appellant's cause of action. The Philadelphia Court of Common Pleas filed an Opinion in this matter on February 21, 1989, wherein the court correctly recognized that "when cases are listed on the trial list that is published in the *Legal Intelligencer*, it is incumbent on the parties' attorneys, or the parties themselves if they are not represented by counsel, to appear at the call of the trial list." Op. of Trial Court, February 21, 1989, at 1. This general rule, however, does not support the entry of the *non pros* judgment under the circumstances of the present case. Further, we note that the appellant is now aware of the way in which the call of the trial list is handled by the Philadelphia Court of Common Pleas.

The dissent believes that we have engaged in "speculation and guesswork" concerning why the appellant failed to

1. We, of course, agree with the dissent's view that the more appropriate procedure would envision the filing of a petition to open the non pros judgment in the trial court prior to the filing of an appeal to this Court.

present himself at the call of the list. We are not convinced that, in entering the *non pros* judgment, the trial court was operating in the dark. It strains credibility to suggest that the trial court had no information whatsoever concerning this litigation at the time of the entry of the *non pros* judgment. The fact that the appellant was litigating this matter *pro se*, while incarcerated, is evident from a mere glance at any pleading or correspondence filed by the appellant in the trial court. We refuse to characterize what occurred in this case as a mystery when, in fact, it is not.

In our decision in *Valley Peat & Humus v. Sunnylands, Inc.*, — Pa.Super. ——, 581 A.2d 193 (en banc) (1990), we recognized that while the element of prejudice may have less importance in Rule 218 cases where it is established that a party is not ready for trial without satisfactory excuse, prejudice is a relevant consideration in any *non pros* case. The entry of a *non pros* judgment results from a balancing of all of the equitable considerations and circumstances presented by a given case. The dissent in the case *sub judice* proclaims surprise at our conclusion that the appellee could not have made a showing of undue prejudice resulting from the appellant's failure to appear in court for the call of the list. We would simply note that it was no secret that the appellee was representing himself in this legal malpractice action filed by the appellant against the appellee as the only named defendant. The factual basis of the lawsuit instituted by the appellant is not a complicated one. Moreover, the legal basis for the present action may be succinctly stated: negligent failure to file a direct appeal from appellant's criminal conviction.

Given the obvious explanation or excuse for appellant's absence at the call of the list, the nature of appellant's cause of action, and the surrounding equities present in this case, we find an abuse of discretion in the entry of the *non pros* judgment.

Order reversed and case remanded. Jurisdiction is relinquished.

588

JOHNSON, J., files a dissenting opinion in which FORD ELLIOTT, J., joined.

ROWLEY, J., files a concurring statement.

JOHNSON, Judge, dissenting.

When Terrance Williams failed to appear at the call of the trial list on November 4, 1988, the Honorable Abraham J. Gafni entered a judgment of non pros. This was nothing more nor less than is contemplated by Pa.R.C.P. 218. Without filing any petition to remove the non pros, Williams appeals directly to this court. The majority would review the entire record in order to speculate upon why Williams did not answer the call of the list on November 4, 1988. I would not. I dissent.

My colleagues begin by guessing that Williams was not aware that his case was listed for trial "[a]pparently due to his incarceration." They then proceed to examine the content of numerous documents filed by Williams, none of which would have been immediately available to the calendar control judge when the trial list was being called. From this examination, the majority concludes that the *appellee*, Stephen Gallagher, knew what the lawsuit was all about and, therefore, could not have been prejudiced! From this springs the conclusion that Judge Gafni abused his discretion by applying Rule 218.

By failing to file a petition to remove the non pros, Williams has denied the trial court its right to consider its own action. Judge Gafni correctly sets forth the flaw in Williams' position in his Opinion filed pursuant to Pa.R.A.P. 1925:

Plaintiff has appealed this judgment directly to the Superior Court, and no motion to vacate the judgment of non pros has been filed with this Court. Accordingly, this Court is unaware of the existence of any of the elements necessary to vacate a non pros including whether the default that occasioned the entry of judgment can be reasonably explained or that the cause of action is valid. *Toczylowski v. General Bindery Co.*, 359 Pa.Su-

per. 572, 575, 519 A.2d 500, 503 (1986). Without this information, the Court can express no opinion with respect to the judgment of non pros.

Opinion, Gafni, J., dated 2/21/89, filed February 23, 1989.

I agree completely with Judge Gafni. In those cases arising under Rule 218 where the appeal is taken immediately from the entry of non pros, the only element controlling the discretion of the trial judge is whether a plaintiff has placed a satisfactory excuse of nonreadiness before the court at the time the case is called for trial. *See Valley Peat & Humus v. Sunnylands, Inc.,* —— Pa.Super. ——, 581 A.2d 193 (en banc) (Dissenting Opinion by Johnson, J.) (No. 981 Philadelphia 1989, filed Oct. 5, 1990).

Based upon the analysis set forth in my Dissenting Opinion in *Valley Peat & Humus, supra,* I strongly believe that prejudice is not an element to be considered in the review of any Rule 218 dismissal on direct appeal.

The majority begins by recognizing that a party may file a direct appeal from the entry of a judgment of non pros. I do not disagree. Where that is done, however, we should refrain from speculation and guesswork about what the trial court should have known at time of entry of the non pros. We are limited to considering the certified record on appeal when reviewing a case. *Barner v. Barner,* 364 Pa.Super. 1, 527 A.2d 122 (1987).

Judge Gafni appropriately limited himself to those matters which had been properly placed before him, both in administering the call of the list and in complying with Pa.R.A.P.1925. Were we to do the same, we would find no abuse of discretion on the part of the most distinguished trial judge.

In a companion case, the majority would place upon our trial judges the obligation of holding, at the time a case is called for trial, "a brief discussion with counsel present" and "argument.... concerning any prejudice resulting to [defendant] from [plaintiff's] failure to appear." *Elcomp, Inc. v. Drolet,* Nos. 1698 and 1699 Pittsburgh 1988, ——

Pa.Super. ———, 581 A.2d 193 (1990) (en banc). On this appeal, the majority takes the trial judge to task for not having taken "a mere glance, at any pleading or correspondence filed by the appellant in the trial court." Majority opinion, at page 586–587.

These suggestions arise from the refusal of the majority to distinguish between (1) a direct appeal from the order entering a non pros and (2) an appeal from an order refusing to remove the judgment of non pros. When the trial judge in this case declares that he is, as a matter of law, unaware of the existence of any of the elements necessary to vacate a non pros, *because* no petition to remove the judgment has been filed, I am prepared to believe him.

Compliance with established law and procedure has nothing to do with mystery. It does remain a mystery, however, as to the exact documents upon which the majority relies in reaching its numerous findings of fact. The majority opinion does not set this forth. It may well be that, within the luxury that we on a reviewing court enjoy in considering a matter from many different angles without the press of time, the explanation or excuse for appellant's absence at the call of the list, and the nature of appellant's cause of action, and the surrounding equities in this case are, as the majority declares, "obvious."

But that is not what we have to decide on this appeal. We need only determine what facts were available to Judge Gafni at the moment he entered the judgment of non pros. Until either Williams or the majority cites to something specific in the record certified on this appeal, which cited information was available to, and should have been known by, Judge Gafni at the time the list was called, I will continue to afford Judge Gafni the respect and credibility which is his due.

The appropriate proceeding would have been a petition and rule to open the judgment, a proceeding which would necessarily have involved the taking of testimony to establish the verity of the facts alleged for the removal of the

judgment. *Cox v. Felice Perri & Sons,* 412 Pa. 415, 417, 195 A.2d 79, 80 (1963). Had Williams filed a petition to vacate the non pros, and if the trial court had acted upon that petition after the filing of an answer and a hearing thereon, we would then be faced with the question of whether the trial court abused its discretion by refusing to vacate that judgment. *See Nivens v. Chestnut Hill Hospital,* 373 Pa.Super. 377, 541 A.2d 365 (1988); *Toczylowski v. General Bindery Co.,* 359 Pa.Super. 572, 519 A.2d 500 (1986). Williams has *not* filed any such petition, and that question is *not* properly before us. *Compare Wilson v. Vincent,* 300 Pa. 321, 150 A. 642 (1930).

The only issue before us on this appeal is this:

When a case is called for trial, if without satisfactory excuse a plaintiff is not ready, may a court enter a non pros on its own motion without abusing its discretion?

I read Pa.R.C.P. 218 and say: "Yes." My colleagues examine the entire record from September 1987 to November 1988 and say: "No." Hence, this dissent.

ROWLEY, Judge, concurring:

In this case, unlike the companion case of *Valley Peat & Humus v. Sunnylands, Inc.,* —— Pa.Super. ——, 581 A.2d 193 (1990), there are no disputed issues of fact to be resolved. It is unquestioned that appellant was incarcerated at the time his case was called for trial. Therefore, I concur in the majority's decision to vacate the judgment of non pros.