607 A.2d 1105

**ABRAHAM ZION CORPORATION, Appellant,**

v.

**AFTER SIX, INC., Robert C. Rudofker, H.F.C. Corp., f/k/a Harry Fisher Corp., K.R.C. Corp. f/k/a KOKO Rainwear Corp., L.B.I. f/k/a Lebow Bros., Inc., and V–Line Clothes, Inc.**

Superior Court of Pennsylvania.

Argued April 8, 1992.

Filed May 1, 1992.

Reargument Denied June 16, 1992.

612

---

Leonard Zack, Philadelphia, for appellant.

David Pittinsky, Philadelphia, for appellees.

Before McEWEN, CIRILLO and CERCONE, JJ.

**CIRILLO, Judge:**

This is an appeal from an order entered in the Court of Common Pleas of Philadelphia County denying a petition to open the second judgment of non pros entered against plaintiff/appellant Abraham Zion Corporation since the inception of the lawsuit in 1981. We affirm.

On June 30, 1981, Zion entered into an agreement of sale with After Six, Inc. to purchase certain assets related to the manufacture and sale of clothing from its subsidiaries Lebow Brothers, Inc. (Lebow), and V–Line, Inc. (V–Line). On October 7, 1981, Zion entered into a second agreement of sale with After Six, this time in conjunction with subsidiaries Harry Fisher Corp. (Fisher), and Koko Rainwear Corp. (Koko). On October 4, 1985, Zion filed a one page writ of summons against After Six and its president, Robert Rudofker, Fisher, and Koko, informing them that Zion was filing a civil action against them.

Apparently Zion never filed a complaint or pursued the action in any manner, for the next date on the docket is May 19, 1987, when an order was entered by the Honorable Abraham Gafni[1] for a judgment of non pros "for failure to appear at the Call of the List for assignment to trial." Zion responded by petitioning the court to vacate the judgment of non pros, which it did on May 26, 1987. In his order vacating the non pros judgment, Judge Gafni also stated that "the case is to be reinstated on the Major Non–Jury trial list where it will appear at the end of that list on 9–15–87." However, it was not until May 17, 1988, nearly one year after the case was reinstated, that Zion actually filed a complaint. The complaint was against the original four defendants, plus Lebow and V–Line, and demanded a jury trial. The defendants filed their Answer with New Matter on August 1, 1988. To date there is nothing on the docket or in the record indicating that Zion has ever filed an Answer to defendants' New Matter.

---

**1.** As counsel for neither the plaintiff nor the defendants appeared at the Call of the List, the court ordered the non pros on its own motion. *See* Pa.R.C.P. 218(a).

Six months later Zion's attorney petitioned the court for leave to withdraw, stating that:

Plaintiff has refused and failed to cooperate in the prosecution of this action, has failed to cooperate in investigation of the underlying facts, has refused to fulfill its duty to participate in the discovery process, all despite numerous requests, reminders and demands by counsel, and has thereby made it impossible for petitioner to adequately represent the plaintiff herein.

After issuing a rule to show cause why the attorney's request should not be granted, the court granted the petition on March 30, 1989 and stayed all proceedings for thirty days "to enable plaintiff to obtain substitute counsel."

Zion failed to obtain new counsel, and eleven months later, on February 6, 1990, Judge Gafni entered a second order of non pros for failure to appear at a status listing. Although Zion's previous attorney wrote an informal letter to Judge Gafni requesting that he rescind the non pros, *see* footnote five, *infra,* the docket entries indicate that Zion did not file a petition to open the non pros judgment until February 6, *1991,* one year later. On April 4, 1991, Judge Gafni denied the petition. Zion then filed a "Motion to Reconsider the Amended Petition to Take Off the Non Pros Judgment," [2] which was denied on July 1, 1991. Zion filed this timely appeal.

Zion now asks us to consider the following issues:

1. Did the lower court err by failing to schedule a hearing or issue a rule to show cause pursuant to Philadelphia Local Rule *209 and Pa.R.Civ.P. 209 and thereby to receive evidence from petitioner before dismissing a petition to vacate a non pros judgment on the basis of factual determinations?

2. Did the lower court abuse its discretion by denying a petition to vacate a non pros judgment for being untimely where plaintiff had been proceeding without counsel, where plaintiff obtained counsel and filed the petition 34

---

**2.** Despite the unusual captioning, we note that Zion's motion is, in reality, an amended petition to open the non pros judgment.

days after discovering that the non pros judgment had been entered, and where plaintiff had not been previously notified of the judgment by the court or by opposing counsel?

3. Is the entry of a default judgment reasonably explained for purposes of vacating the judgment where plaintiff failed to appear at the call of the list in Philadelphia because plaintiff was unrepresented and without local counsel to monitor trial listings published in the local legal publication and did not receive notice of the status call from opposing counsel or from any source?

■ Initially, we note that "[t]he granting of a non pros is founded on the equitable principle of laches." *James Brothers Co. v. Union Banking & Trust Co.*, 432 Pa. 129, 132–133, 247 A.2d 587, 589 (1968); *see also Valley Peat & Humus v. Sunnylands, Inc.*, 398 Pa.Super. 400, 406, 581 A.2d 193, 196 (1990), *alloc. denied* 527 Pa. 650, 593 A.2d 422 (1991). Therefore,

[a] court may properly enter a judgment of *non pros* when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death or unexplained absence of material witnesses.

*Elcomp, Inc. v. Drolet*, 398 Pa.Super. 421, 424, 581 A.2d 203, 205 (1990), *quoting Carroll v. Kimmel*, 362 Pa.Super. 432, 436, 524 A.2d 954, 956 (1987), *alloc. denied* 517 Pa. 613, 538 A.2d 496 (1988). The summons initiating the lawsuit was filed in October of 1985. The actual complaint was not filed until May of 1988, two and one-half years later, after the entry and removal of the first non pros judgment. Defendants filed their Answer with New Matter three months later, in August of 1988, but to date, three years and nine months later, Zion has yet to file an Answer to defendants' New Matter.

We think the trial court was correct in entering a judgment of non pros on its own motion when Zion failed to

appear for the status call in February of 1990. Zion has shown a great want of due diligence in going forward with its cause of action. *Elcomp, supra.* Nearly seven years have elapsed since the filing of the summons, but Zion has proffered no explanation, compelling or otherwise, for the inordinate delay. *Id.*

The type of prejudice necessary to support a non pros judgment is not limited to the death or absence of material witnesses. Any long delay in prosecuting a case "is presumptively prejudicial to all parties even without a specific showing of prejudice on the record." *Supplee v. Com. Dept. of Transp.,* 105 Pa.Commw. 488, 493–494, 524 A.2d 1002, 1005 (1987), *alloc. denied* 515 Pa. 626, 531 A.2d 433 (1987); *see also Shrum v. Pennsylvania Electric Company,* 440 Pa. 383, 269 A.2d 502 (1970). Our supreme court recently determined that "in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket." *Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). As two and one-half years elapsed between the filing of the defendants' Answer and New Matter in August of 1988 and the entry of the non pros in February of 1991, under *Penn Piping, supra,* the delay is presumed prejudicial. A judgment of non pros "is properly entered following a consideration and a balancing of the equities present in a particular case." *Elcomp,* 398 Pa.Super. at 425, 581 A.2d at 205; *Williams v. Gallagher,* 396 Pa.Super. 584, 587, 579 A.2d 403, 405 (1990) (en banc). Here, the entry of the second judgment of non pros was clearly equitable. *Id.*

Zion now contends that the trial court abused its discretion when it denied Zion's petition to open the non pros judgment. We do not agree. "A request to open a judgment of non pros is by way of grace and not of right and its grant or refusal is peculiarly a matter for the trial court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is

clearly evident." *Narducci v. Mason's Discount Store*, 518 Pa. 94, 98, 541 A.2d 323, 325 (1988). Before a petition to open a judgment of non pros may be granted, the moving party must 1) promptly file a petition to open, 2) present a reasonable explanation or excuse for the default or delay that precipitated the non pros, and 3) establish that there are sufficient facts to support a cause of action. *James Brothers*, 432 Pa. at 132, 247 A.2d at 589; *Valley Peat*, 398 Pa.Super. at 406, 581 A.2d at 196; *Kophazy v. Kophazy*, 279 Pa.Super. 373, 376, 421 A.2d 246, 247 (1980). In addition, as the request to open a non pros judgment is addressed "to the conscience of the court, the court is *required* to balance the equities and to deny the petition even where all the elements coalesce if the granting of relief would cause undue hardship or prejudice to the opponent." *Narducci*, 518 Pa. at 98, 541 A.2d at 325 (emphasis in original).

In denying Zion's first petition to strike off [3] the February 6, 1990 non pros, Judge Gafni found that Zion had failed to allege sufficient facts to establish an underlying cause of action. Since Zion had failed to establish the third essential

**3.** Zion incorrectly labeled his action a motion to "strike off" the judgment. However, the trial court generously treated the mistake as a labeling error and considered the motion a petition to open judgment. In *Kophazy v. Kophazy, supra,* this court explained the difference between a petition to strike a judgment and a petition to open a judgment.

A petition to strike a judgment is a common law proceeding ... and operates as a demurrer to the record ... Thus, a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters dehors [beyond] the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken. [citations omitted].

A petition to open a judgment is an appeal to the court's equitable powers and is a matter for judicial discretion ... In considering a petition to open a judgment, the court may consider matters dehors [beyond] the record ... Ordinarily, a petition to open a judgment will not be granted unless three factors coalesce: "(1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense." [citations omitted].

279 Pa.Super. at 375–376, 421 A.2d at 247.

element, the trial court did not need to consider elements one and two. In filing his motion for reconsideration, Zion attached a copy of its complaint in order to properly allege an underlying cause of action. However, in denying the amended petition, Judge Gafni determined that Zion had failed to promptly file its petition to open, and had also failed to present a reasonable explanation or excuse for not appearing at the status call. We concur.

Zion contends that the trial court abused its discretion in determining that its petition to open filed "34 days after discovering that the non pros judgment had been entered" was untimely. This contention lacks merit. It is well established that "[t]he timeliness of a petition to open a judgment is measured from the date that notice of the judgment is received." *Ruczynski v. Jesray Construction Corp.*, 457 Pa. 510, 512, 326 A.2d 326, 328 (1974); *Rigid Fire Sprinkler Service v. Chaiken*, 333 Pa.Super. 213, 218, 482 A.2d 249, 252 (1984). Zion contends it only discovered the second non pros judgment had been entered when it received a copy of a letter, written by opposing counsel to an employee of Philadelphia National Bank, concerning the escrow account established pursuant to the October 7, 1981 agreement of sale.[4] The trial court found this explanation disingenuous, and we do too. It strains credulity to suggest that Zion's former attorney, who had withdrawn his representation with leave of the court ten months earlier, would risk his professional career by writing a letter to the court on behalf of Zion without first securing Zion's consent. Therefore, we conclude that Zion received notice of the February 6, 1990 default judgment when its former attorney wrote to Judge Gafni on February 14, 1990.[5]

[4] The record does not indicate who sent Zion the copy of the letter.

[5] The letter from Zion's former attorney reads as follows:

Re: Abraham Zion Corp. vs. After Six Corp., et. al Term & No. 8509–06397

Dear Judge Gafni:

It has come to my attention that the above referenced was non pros for failure to appear at a Status Listing on Tuesday, February 6, 1990. Please be advised that I withdrew my appearance upon leave of Court on April 13, 1989, from representation of Abraham Zion Corporation.

The petition to open the non pros judgment was filed February 6, 1991, nearly a year later. A petition filed twelve months after notice was deemed to have been received can hardly be considered "promptly filed." *Valley Peat, supra. See also Hutchinson v. Hutchinson,* 492 Pa. 118, 124, 422 A.2d 501, 504 (1980) (an eleven month delay is not "prompt"); *Ruczynski, supra* (ten month delay is not "prompt"); *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973) (delay of 55 days is not "prompt"); *Narducci, supra* (petition filed "nearly one month later" was sufficiently prompt); *Walt Medical v. Electro–Nucleonics,* 400 Pa.Super. 274, 278, 583 A.2d 492, 493 (1990) ("the lapse of only three weeks constitutes prompt filing."). Thus Zion has failed to meet the first prong of the three-part threshold test for opening a judgment.

█ Zion next argues that since "plaintiff was unrepresented" and "did not receive notice of the status call from opposing counsel," the petition to open the non pros judgment should be granted. We cannot agree. "[W]hen cases are listed on the trial list that is published in the *Legal Intelligencer,* it is incumbent on the parties' attorneys, *or the parties themselves if they are not represented by counsel,* to appear at the call of the trial list." *Williams,* 396 Pa.Super. at 586, 579 A.2d at 404. (citations omitted) (emphasis added). Zion was "unrepresented and without local counsel to monitor trial listings" *by its own choice.* When its attorney was granted leave to withdraw, the court stayed all proceedings for thirty days to enable Zion to secure substitute counsel. If Zion did not avail itself of the opportunity afforded by the court, Zion cannot now be heard to complain about the consequences of its own failure to act. "When a party decides to act on his own behalf, he assumes the risk of his own lack of professional legal training." *Wiegand v. Wiegand,* 363 Pa.Super. 169, 172,

I would respectfully request that Your Honor rescind your Order dated February 9, 1990, and re-list it for another Status hearing in order that Abraham Zion Corporation can have notice to have new counsel appear.
Very truly yours,

525 A.2d 772, 774 (1987). Moreover, as Zion had already had one judgment of non pros entered against it in the same case, it was well aware of the risks involved in neglecting an ongoing legal action.

[4] We also find no merit in Zion's contention that, pursuant to Philadelphia Local Rule of Civil Procedure 200, opposing counsel was *required* to notify all other counsel or unrepresented parties of the status call and its failure to do so constitutes a "reasonable explanation" for Zion's failure to appear before Judge Gafni. Zion is misinformed about Rule 200. In the revision of the Philadelphia Local Rules effective *February 1, 1990*,[6] the following sentence appears after Rule 215:[7] *"Note:* New; originally an **unnumbered Administrative Regulation** dated February 2, 1987 which **superceded and replaced suspended former Rule 200."** Clearly, Rule 200 had been rescinded by the time of the February 6, 1990 status call. Therefore, Zion's reliance on *Potter v. Temple University Hospital,* 380 Pa.Super. 376, 551 A.2d 1101 (1988) and *Nivens v. Chestnut Hill Hospital,* 373 Pa.Super 377, 541 A.2d 365 (1988), *alloc. denied* 520 Pa. 607, 553 A.2d 969 (1988), as authority for the proposition that defense counsel was obligated to notify Zion of the upcoming status call, is misplaced.

6. The revised rules, reproduced in the *Legal Intelligencer* on Friday, March 2, 1990, are introduced by the following paragraph:
   The Board of Judges of the Philadelphia Court of Common Pleas at its meeting of Sept. 21, 1989, adopted the Recompilation of Philadelphia's Local Civil Rules. The Recompilation includes all additions, revisions and amendments to the Civil Rules *effective through Feb. 1, 1990.* [emphasis added].

7. Rule 215, which replaced Rule 200, is entitled "Assignment of Cases in the Trial Division." The relevant section of the rule provides:
   (A)(2)(d) The practice and procedure relating to the daily operation of the trial lists shall be as directed by the civil calendar judge or the asbestos calendar judge, as appropriate. Such procedures are published daily, with the trial lists, in the *Legal Intelligencer.*
   Contrary to Zion's assertion, the *Legal Intelligencer* currently carries no "Notice to the Bar" informing attorneys involved in upcoming trials that they must notify all other counsel or unrepresented parties of trial dates appearing in the newspaper.

Appellant apparently labors under the *false* assumption that by proceeding *pro se* he is absolved of all responsibility to comply with procedural rules, and that the appellee and/or the court had some affirmative duty to walk him through the procedural requirements, or to ignore the procedural requirements in order to reach the merits of his claim. Such is not the case. The United States Supreme Court has explained: "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975). [emphasis in original].

*Jones v. Rudenstein*, 401 Pa.Super. 400, 404, 585 A.2d 520, 522 (1991). Consequently, Zion has failed to satisfy the second prong of the three-part threshold test.

■ Zion's argument that the trial court erred by failing to conduct a hearing or issue a rule to show cause pursuant to Philadelphia Local Rule *209 and Pennsylvania Rule of Civil Procedure 209 is equally without merit. Philadelphia Rule *209, "Evidentiary Hearings on Motions," provides in relevant part:

(A) *Where the Court determines that disputed issues of fact exist* to be resolved under the procedures set forth in Pa.R.C.P. No. 209, the Court shall enter a rule upon the parties to proceed in accordance with Rule 209. [emphasis added].

Zion filed a petition to open the second non pros judgment. Under the Pennsylvania system of fact pleading, it was incumbent upon Zion to delineate the three-part test for opening a judgment and then set forth in its petition every act or performance necessary to sufficiently establish those elements. Pa.R.C.P. 1019(a); 4 Standard Pennsylvania Practice § 21:32; *see also Alpha Tau Omega Fraternity v. University of Pennsylvania*, 318 Pa.Super. 293, 464 A.2d 1349 (1983). Zion did so in its amended petition. However, the trial court did not find Zion's allegations or explanations credible. The trial court found no disputed issues of fact in

the pleadings. Therefore, Philadelphia Local Rule *209 was inapplicable. Our review of the record reveals that the trial court was correct in its assessment; there were no disputed issues of material fact to be resolved. The trial court did not "err" or otherwise abuse its discretion by not issuing a rule or conducting an evidentiary hearing pursuant to Philadelphia Rule *209.

Although Zion alleged sufficient facts to support a cause of action, it has failed to establish that it filed a timely petition to open the February 1990 non pros judgment or to present a reasonable explanation for its failure to appear at the status call. *Valley Peat, supra.* Thus Zion has failed to meet the threshold test for opening a judgment. *Id.* The trial court did not abuse its discretion in denying Zion's petition to open the non pros judgment. *Narducci, supra.* We, therefore, affirm the trial court's order.

Order affirmed.