84

628 A.2d 441

James Edward ROSE, Jr., Appellant,

v.

ALLENTOWN MORNING CALL, Bethlehem Globe–Times, Easton Express, WFMZ–TV, and WHXT Radio (Formerly WQQQ), Appellees.

Superior Court of Pennsylvania.

Argued June 10, 1993.

Filed July 20, 1993.

James E. Rose, Jr., appellant, pro se.

Malcolm J. Gross, Allentown, for Allentown Morning Call, appellee.

Before OLSZEWSKI, POPOVICH and CERCONE, JJ.

OLSZEWSKI, Judge:

Appellant, James Edward Rose, Jr. ["Rose"], appeals the Honorable James Knoll Gardner's order which denied Rose's petition to open a judgment *non pros* entered against him. Judgment was entered after Rose failed to attend a pre-trial conference. He now claims that judgment should be opened because he did not receive actual notice of the conference. We disagree and affirm.

This is not the first petition to open a *non pros* judgment that the trial court entertained. In March of 1990, Rose filed a praecipe for writ of summons against the above-captioned defendants/appellees. Shortly thereafter, Bethlehem Globe–Times ["Bethlehem"] ruled Rose to file a complaint. Rose failed to do so, and judgment *non pros* was entered on May 16, 1990. In September, Rose finally filed the complaint seeking damages for defamation of character. Various preliminary objections were filed, including Bethlehem's motion to strike on the basis of the *non pros* judgment in its favor. The trial judge denied Bethlehem's motion to strike, but granted the other preliminary objections (relating to the specificity of the original pleading) and ordered Rose to file an amended complaint.

After the pleadings were closed, the trial court scheduled a status conference pursuant to Lehigh County Local Rule 239

for May 23, 1991. The deputy court administrator sent notice by regular mail to all parties at the addresses listed of record. All parties, save Rose, attended the conference.[1] Based on Rose's absence, appellees moved to dismiss the complaint and the motions were granted. On June 21, 1991, Rose petitioned the court to open the judgment *non pros*. The court denied Rose's petition, and this timely appeal followed.

■■■■ In order to successfully petition the trial court to open a judgment *non pros*, Rose was required to: (1) establish that he promptly filed a petition to open, (2) reasonably explain the reason behind the delay that caused the entry of judgment, and (3) state sufficient facts to establish a cause of action against the defendants. *Abraham Zion Corp. v. After Six*, 414 Pa.Super. 611, 607 A.2d 1105 (1992) (citing *James Bros. Co. v. Union Banking & Trust Co.*, 432 Pa. 129, 247 A.2d 587 (1968)). The trial court held that Rose did not have a reasonable excuse for missing the status conference. "A request to open a judgment is one of grace and not of right and its grant or refusal is peculiarly a matter for the trial court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident." *Id.*, 617, 607 A.2d at 1108 (quoting *Narducci v. Mason's Discount Store*, 518 Pa. 94, 98, 541 A.2d 323, 325 (1988)).

We are presented with one issue: Did Rose present a reasonable explanation for his failure to attend the pre-trial status conference? Rose contends that he never received notice of the status conference, and for this reason only he did not attend. He argues that since he lives in an apartment complex in which seven tenants have identical addresses and apartment numbers,[2] the mail delivered to those tenants is delivered to the incorrect apartment at times, and that his

1. Notably, all parties, save Rose, were also represented at oral argument before this Court on June 10, 1993.

2. Rose's address is 1703 S. Albert Street, Apartment # 14. He contends that since the apartment complex is comprised of seven buildings, all of which are located at 1703 S. Albert St., there are seven tenants who live in apartment # 14. Rose submitted a letter from the complex's manager to verify this contention.

absence was due to a mailman's innocent mistake. Rose submitted photocopies of mail that he has received improperly to substantiate his claim that he never received notice. Rather than refer us to any legal authority for his claim, Rose contends that "the Court below was in such gross error that the facts coupled with the truth should be sufficient." Unfortunately, as jurists we must be a bit more cynical; we will therefore review the appropriate caselaw.

Our Supreme Court has noted that "the efficacy of lack of notice to justify a default depends on the circumstances of the case." *Sklar v. Harleysville Ins. Co.*, 526 Pa. 617, 587 A.2d 1386 (1991). At issue in *Sklar* was whether a judgment *non pros* was properly entered against plaintiff after she failed to appear at the call of her trial. Plaintiff argued that defendant was obliged to notify her of the trial, and because of a change in address she was left unaware of the proceedings. Defendant sent notice to plaintiff by certified mail at her last known address; and plaintiff argued that when defendant did not receive a return from the postal authorities, defendant was under an obligation to make reasonable efforts to trace her forwarding address. As a result of defendant's failure, plaintiff argued, the judgment *non pros* violated procedural due process. Our Supreme Court held that due process only requires a party to undertake reasonable, not extraordinary, efforts to serve an opponent with legal papers, and that judgment *non pros* was properly entered:

> ... [A]ppellant was not only a litigant in a case pending in common pleas court, she was the plaintiff. In view of the fact that service of all legal papers in a case other than original process can be made upon a pro se party by mail at his or her residence or last known address, *see* Pa.R.C.P. 440(a)(1) and (2), it was obviously incumbent upon appellant to keep the court and opposing counsel apprised of her address. That her failure to do so resulted in her failure to receive actual notice of her trial should not require the adverse party to take extraordinary steps to secure her presence. Appellant's fault in this regard vitiates the excusability of her failure to attend her own trial. A petition to

open or strike a judgment is addressed to a court's equitable powers. [citation omitted]. The lower courts evidently believed that appellant's own neglect was the underlying cause of her failure to receive actual notice of her trial. We agree.

*Sklar*, at 622, 587 A.2d at 1389.

Appellees also cite *Abraham Zion v. After Six, supra*, in support of their contention that the petition to open was properly denied. In that case, judgment *non pros* was entered after plaintiff failed to appear at a status listing of his case and failed to attend his trial. Plaintiff petitioned to open the judgment arguing, among other things, that his *pro se* status rendered him unable to determine the proper trial date. This Court stated: "[W]hen cases are listed on the trial list that is published in the Legal Intelligencer, it is incumbent upon the parties' attorneys, or the parties themselves if they are not represented by counsel, to appear at the call of the trial list." *Id.* at 619, 607 A.2d at 1109 (quoting *Williams v. Gallagher*, 396 Pa.Super. 584, 586, 579 A.2d 403, 404 (1990)). We also held that plaintiff "assumed the risk of his own lack of professional legal training," *Id.*, and could therefore not complain when judgment was entered against him for his own failure to act.

We find that this case is distinguishable from *Abraham Zion* because the Lehigh County Local Rules place the burden on the court to notify the parties of an upcoming status conference. Rose had no obligation, as opposed to plaintiff in *Abraham Zion*, to keep watch of a legal publication to make himself aware of the coming proceeding. We cannot, however, go so far as to say that Rose is not accountable for his lack of notice. Testimony at the hearing on Rose's petition revealed that the court mailed previous correspondence and legal papers to Rose at his address without incident. N.T. 6/20/91 at 4.[3] If Rose did have trouble receiving mail at this address,

3. Testimony of Susan Schellenberg, the Deputy Court Administrator, also established that the court sent notice of the upcoming conference to Rose's address and that the letter was not returned. N.T. 6/20/91 at 17. Rose contends that the trial court improperly advocated the

and his exhibits indicate that he did in the past, he made no effort to inform the court of the problem. Under the authority of *Sklar, supra,* the party responsible for serving notice, in this instance the court, was only obligated to make a reasonable effort to notify Rose of the upcoming status conference. The court complied with Pa.R.C.P. 440 by mailing the notice to his proper address; we do not know what more could be expected. When Rose failed to receive notice, he was the party, as between himself, opposing counsel, and the court, in the best position to avoid the harm he suffered. He cannot be heard now to complain.

Order affirmed.

defendants' case because it was the court who called Schellenberg to testify. It is well settled, however, that the trial court may in the exercise of sound discretion call and examine witnesses. *See Commonwealth v. DiPasquale,* 424 Pa. 500, 230 A.2d 449 (1967). We find that the trial court properly exercised its discretion in this regard.