J-A17023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BERNIE O'HARE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRICIA MEZZACAPPA, | |
| Appellant | No. 2325 EDA 2014 |

Appeal from the Judgment Entered July 8, 2014
In the Court of Common Pleas of Northampton County
Civil Division at No(s): C-CV-0048-2012-3442

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY BENDER, P.J. E.:                **FILED JULY 30, 2015**

Tricia Mezzacappa appeals *pro se* from the judgment entered against her on July 8, 2014, awarding damages in the amount of $67,140.00, plus costs, in this defamation action brought by Appellee Bernie O'Hare.  We affirm.

The parties became acquainted through their mutual interest in local politics and government in the Lehigh Valley. Following numerous defamatory statements published by Appellant, including allegations of sexual and criminal misconduct, Appellee commenced this action by complaint in April 2012, asserting defamation and false-light invasion of privacy.

Appellee filed an amended complaint in January 2013.  Appellant did not file an answer to the amended complaint.  Therefore, in May 2013,

following proper notice and praecipe, default judgment was entered in favor of Appellee on liability only. In September 2013, Appellant filed a "Motion for Relief of Judgment of Non Pros or by Default," seeking to open the judgment entered against her. The trial court denied the motion as untimely. *See* Trial Court Order, 09/25/2013.

A non-jury trial on damages was scheduled for December 2013. However, Appellee failed to appear for the preliminary call of the trial list, and the case was removed from the list.

Thereafter, Appellee filed a praecipe to place the matter again on the non-jury trial list. Counsel for Appellee certified service of the praecipe upon Appellant by first-class, regular U.S. Mail. *See* Praecipe, Certificate of Service, 12/24/2013.

The Northampton County Court Administrator scheduled trial to commence in March 2014. The court administrator attempted to serve notice of the trial list upon Appellant by certified U.S. Mail. Appellant was unavailable to sign for and receive the certified mail, and it was returned to the court administrator undelivered. *See* Envelope (postage paid, 02/07/2014; delivery attempted & notice left, 02/12/2014; returned as unclaimed, 03/02/2015).

In March 2014, Appellant failed to appear for trial, which proceeded in her absence. Appellee testified, detailing the impact of Appellant's defamatory statements on his employment income, reputation, and physical

well-being. ***See generally*** Notes of Testimony (N.T.), 03/11/2014, at 4-20. Thereafter, the trial court issued a verdict in favor of Appellee, awarding him $15,000 in general damages, $7,380 in special damages, and $44,760 in punitive damages, for a total award of $67,140, plus costs. ***See*** Verdict, 03/28/2014.

Appellant timely filed post-trial motions, which were denied by the trial court; and judgment was entered against Appellant.[1] ***See*** Appellant's "Petition for Post-Trial Relief/Review," 04/07/2014 (requesting the trial court (1) vacate or modify the verdict against her; or (2) arrest judgment pending the outcome of a lawsuit filed by Appellant against Appellee; and (3) impose sanctions against Appellee and his counsel); ***see also*** Trial Court Opinion; 07/08/2014; Trial Court Order, 07/08/2014 (denying Appellant's post-trial motions and directing the prothonotary to enter judgment). Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive statement, attaching its opinion, previously issued July 8, 2014.

Appellant raises the following issues:

> 1. Did the [c]ourt abuse its discretion or make an error of law in the calculation of [s]pecial [d]amages, [c]ompensatory [d]amages[,] and [p]unitive damages?

---

[1] Prior to disposition of her post-trial motions, Appellant filed a notice of appeal. The appeal was quashed as premature. ***See*** Order, ***Mezzacappa v. O'Hare***, No. 1295 EDA 2014 (Pa. Super. 05/22/2014) (*per curiam*).

2. Did the [c]ourt abuse its discretion or make an error of law when it ruled that [c]ertified [m]ail, returned unclaimed was a sufficient form of service to notify [Appellant] of time and date of trial?

3. Did the [c]ourt abuse its discretion or make an error of law when it failed to grant [Appellant] a new non[-]jury trial as requested in post[-]trial motions, because it determined that [Appellant] should not have relied on statements and documents given to her from court administration staff, confirming that the 12/16/2013 non-jury trial had been stricken and dismissed?

Appellant's Brief, at 7.

Appellant requests that this Court vacate the judgment entered against her and remand for a new trial. *See* Appellant's Brief at 47.

Our review of the trial court's denial of a new trial is limited to determining whether the trial court acted capriciously, abused its discretion, or committed an error of law that controlled the outcome of the case. In making this determination, we must consider whether, viewing the evidence in the light most favorable to the verdict winner, a new trial would produce a different verdict. Consequently, if there is any support in the record for the trial court's decision to deny a new trial, that decision must be affirmed.

*Grossi v. Travelers Personal Ins. Co.*, 79 A.3d 1141, 1147–1148 (Pa. Super. 2013) (quoting *Wilson v. Transp. Ins. Co.*, 889 A.2d 563, 568-569 (Pa. Super. 2005)). Moreover, "[i]t is not the role of an appellate court to pass on the credibility of witnesses[.]" *Joseph v. Scranton Times L.P.*, 959 A.2d 323, 333 (Pa. Super. 2008)

In her first issue, Appellant challenges the sufficiency of Appellee's testimony to establish actual, compensatory damages. According to Appellant, Appellee "offered no evidence of actual harm, no witnesses, and

- 4 -

no corroboration of his income[.]" Appellant's Brief at 31. We disagree. *See, e.g.*, *Joseph*, 959 A.2d at 345 (Pa. Super. 2008) (citing *Wilson v. Benjamin*, 481 A.2d 328, 333 (Pa. Super. 1984)) (concluding that a plaintiff's testimony alone is sufficient to establish compensatory damages).

Here, Appellee's testimony established that Appellant published defamatory statements on the Internet, *see* N.T. at 9, resulting in loss of Appellee's reputation in the community and at his workplace, and causing him personal humiliation and mental anguish. *Id.* at 9-12. Further, Appellee's testimony established that he lost work as an author and publisher – an actual, pecuniary loss resulting from Appellant's defamation. *Id.* at 12-14. The trial court found Appellee's testimony credible, and we will not disturb this finding on appeal. *See Joseph*, 959 A.2d at 333; Trial Court Opinion, 07/08/2014, at 47-48 (discussing Appellee's testimony). As we discern no error and no abuse of the court's discretion in its calculation of compensatory damages, Appellant is entitled to no relief.

Appellant also contends that her absence from the trial precludes an award of punitive damages. This is because, according to Appellant, a punitive damages award requires evidence and analysis of a defendant's wealth. *See* Appellant's Brief at 28-29. No such evidence was introduced; the trial court conducted no such analysis; and therefore, according to Appellant, "the award of punitive damages in their entirety" constitutes an

abuse of the court's discretion. *Id.* at 28. Appellant's contention is without merit.

Although a tortfeasor's wealth is a consideration relevant to the amount of punitive damages awarded, *see Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800 (Pa. 1989), it is "not a necessary condition precedent" to their imposition. *Vance v. 46 & 2, Inc.*, 920 A.2d 202, 207 (Pa. Super. 2007).

> Rather, it is well-established that the decision of whether to award punitive damages in the first place lies in the [fact-finder's] determination of whether the defendant's conduct was outrageous. In other words, punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others.

*Id.* at 206 (internal quotation marks and citations omitted); *see also Sprague v. Walter*, 656 A.2d 890, 922-23 (Pa. Super. 1995) (in the context of a defamation claim, discussing that an award of punitive damages requires both *common law malice*, evidenced by conduct that is outrageous, malicious and wanton, and *actual malice*, a constitutional standard requiring that "publication of an allegedly defamatory statement was made either with knowledge that the statement was false or with reckless disregard for its truth or falsity").

Here, upon consideration of the evidence presented by Appellee, the trial court concluded as follows:

> [Appellee's] evidence established that [Appellant] acted with actual malice and common law malice. With respect to many of her statements, the [c]ourt found that [Appellant] acted with

reckless disregard as to the truth or falsity of her statements and that her conduct was extreme, outrageous and intended to harm [Appellee].

Trial Court Opinion at 50.

We have examined the evidence. Viewed in the light most favorable to Appellee, a new trial would not likely result in relief from the imposition of punitive damages. Appellant's libelous statements included outrageous and unsubstantiated allegations of criminal behavior. **See, e.g.**, N.T. at 8 (summarizing Appellant's statements that Appellee was a rapist, a pedophile, a burglar, and had attempted to poison Appellant's pet pig).[2] In our view, the evidence supports the trial court's conclusion. Accordingly, we discern no abuse of the court's discretion to impose punitive damages.

Appellant develops no discernible argument challenging the manner in which the trial court calculated the *amount* of punitive damages awarded. Thus, we need not address the appropriateness of the award in detail. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter such conduct in the future. **See Vance**, 920 A.2d at 206; **Signora v. Liberty Travel, Inc.**, 886 A.2d 284, 298 (Pa. Super. 2005). An award "should not be disturbed by the court unless it is so

_____

[2] Notably, Appellant repeats similar allegations in her brief to this Court. **See, e.g.**, Appellant's Brief at 29 (discussing veterinary care for her pig, "who was beaten and poisoned by [Appellee], and who later suffered a painful and horrific death in [Appellant's] own arms"); at 47 (concluding that Appellee "misunderstood the nature of his friendship with [Appellant] and later became possessive, sexually inappropriate, explosive[,] and violent").

grossly excessive as to offend the conscience of the court and to shock its sense of justice." **DiSalle v. P.G. Publ'g Co.**, 544 A.2d 1345, 1375 (Pa. Super. 1988); **see also Reading Radio, Inc. v. Fink**, 833 A.2d 199 (Pa. Super. 2003); **Signora**, 886 A.2d at 298.

Here, the trial court simply doubled the amount of compensatory damages established by Appellee.[3] **See** Trial Court Opinion at 51 (citing in support Restatement (2d) of Torts § 908 (suggesting that double or treble damages may be appropriate)). In our view, the amount is not "grossly excessive," nor does it shock this Court's sense of justice. **DiSalle**, 544 A.2d at 1375. Accordingly, we will not disturb the award.

In her second issue, Appellant contends that the trial court erred when it ruled that certified mail, returned unclaimed, was sufficient to notify Appellant of the time and date of her trial. Appellant levels several arguments in support of this contention, each devoid of merit.

For example, according to Appellant, the trial court relied upon an incorrect Pennsylvania Rule of Civil Procedure in justification of its ruling, resulting in a fatal error. **See** Appellant's Brief at 36 (quoting from the trial court's order announcing the verdict, which includes a typographical error citing Pa.R.C.P. 404 ("Service Outside the Commonwealth"), rather than

_____

[3] $15,000 + $7,380 = $22,380 in total compensatory damages; doubling this amount results in a punitive damages award of $44,760; thus, a total award of $67,140.

Pa.R.C.P. 440 ("Service of Legal Papers other than Original Process")); *see also* Verdict, 03/28/2014, at 1 n.1. The error highlighted by Appellant was merely typographical, not substantive. Moreover, Appellant's assertion is clearly frivolous, when considered alongside the trial court's comprehensive analysis of Rule 440 in its opinion. *See* Trial Court Opinion at 28-38.

Appellant also asserts that the Northampton County Court Administration's reliance upon certified mail, rather than regular mail, facsimile or email, does not meet the notice requirements of Rule 440. *See* Appellant's Brief at 38. There is no support for this assertion. To the contrary, notice by certified mail meets the requirements of Rule 440. *See Sklar v. Harleysville Ins. Co.*, 587 A.2d 1386, 1389 (Pa. 1991); *see also Santana Gonzalez v. Att'y Gen of U.S.*, 506 F.3d 274, 278 (3d Cir. 2007) (recognizing that a "strong presumption" of effective service arises when the notice is sent by certified mail, a presumption overcome only by substantial and probative evidence).

Finally, Appellant suggests that the trial court erred in declining to recognize the sufficiency of her excuse for not receiving the certified mail notice. According to Appellant, snow and ice around her home made delivery of mail unreliable. The trial court did not find Appellant's excuse persuasive, *see* Trial Court Opinion at 34-38, and we will not disturb this finding.

In her third issue, Appellant contends that the trial court erred when it determined that Appellant was not entitled to rely on statements and documents given to her by court administration staff suggesting that her damages trial, originally scheduled for December 2013, had been dismissed. Appellant develops no discernible legal argument in support of this contention. **See** Appellant's Brief at 43-46 (suggesting, alternatively, that (1) her failure to appear for a properly noticed hearing is worthy of relief because a candidate for public office is entitled to rely on information provided by the Board of Elections and (2) Northampton County court personnel intentionally misled Appellant). Accordingly, we deem this issue waived.[4]

In addition, before the Court is Appellee's Application to Strike Appellant's Brief, based upon numerous allegations of error contained in Appellant's brief and reproduced record. We decline to do so.

Application to Strike denied; Judgment affirmed.

---

[4] Absent waiver, we observe further that a *pro se* litigant is not entitled to special treatment or to rely on court personnel for legal advice. **See Abraham Zion Corp., v. After Six, Inc.**, 607 A.2d 1105, 1110 (Pa. Super. 1992) (stating that a court has no affirmative duty to walk a *pro se* litigant through procedural requirements).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/30/2015</u>