## Glass *v.* Farmers National Bank of Watsontown, Trustee, et al., Appellants.

Argued November 21, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

J. *Julius Levy,* for appellants.

S. *Dale Furst,* with him *Carl Rice, Furst, McCormick, Muir & Lynn* and *Harry Alvan Baird,* for appellee.

OPINION BY MR. JUSTICE JONES, January 11, 1950:

The appellant contends that a court of common pleas lacks power to strike off a judgment of *non pros.* entered in pursuance of Rule 1037(a) of the Rules of Civil Procedure (354 Pa. XLV) or, in the alternative, if the courts have such power, that the exercise thereof in the instant case constituted an abuse of discretion. The following are the circumstances giving rise to these contentions.

The plaintiff instituted her action in trespass by issuing a summons, but without filing a complaint. The defendant bank was duly served and caused an appearance to be entered for it. Seventeen months after the action had been instituted, the plaintiff filed a bill in equity for discovery in aid of the preparation of her complaint in the trespass action. Thirteen months later, the bill in equity was dismissed by decree of court. The defendant then ruled the plaintiff, pursuant to the provisions of Rule 1037(a) of the Pa. R. C. P., to file a complaint in the trespass action within twenty days after service of notice of the rule. Subsequent to such

service, the court, by agreement of respective counsel for the parties, entered an order fixing the time for the filing of the complaint on a future day certain. That date having passed without a complaint yet being filed, the defendant, two days thereafter, filed a præcipe for judgment of *non pros.* and the prothonotary thereupon entered such judgment of record. Several hours later but on the same day, the plaintiff filed her complaint. Five days thereafter, the defendant moved to strike off the complaint; on that motion a rule to show cause was granted. The next day, the plaintiff petitioned the court to strike off the judgment of *non pros.;* and a rule to show cause was granted on that petition. Answers to the motion and petition having been made by the respective respondents, the court entered upon a hearing in the matter and, in due course, made both rules absolute, i.e., struck off the judgment and the complaint, but also granted the plaintiff a period of ten days from the date of the order within which to file her complaint. From that order the defendant took this appeal.

Appellant's first contention is manifestly untenable. Rule 1037(a) R. C. P. was not intended to, nor does it, impair or in any way impinge upon the power of a court over its judgments. Such power is the same since the rule was promulgated as it was before it was adopted. What the rule was designed to do, and all that it did, was to prescribe definitively the procedure to be followed in order to compel a plaintiff to file a complaint or suffer judgment of *non pros.* for failure to do so.

Prior to the adoption of Rule 1037(a), entry of judgment of *non pros.* in Pennsylvania for want of timely prosecution depended upon an exercise of discretion inherent in a court by the common law which, in England, had been legislatively augmented by the statute of 13 Charles II, sec. 9, c. 2, par. 3, limiting to one year the time within which a declaration might be filed: see *Waring Brothers & Co. v. The Pennsylvania Railroad*

*Company,* 176 Pa. 172, 175-177, 35 A. 106. There was, however, no statute in this State bearing directly on the subject. The authority permitted courts of common pleas by Sec. 23 of the Practice Act of May 14, 1915, P. L. 483 (12 PS §493), to adopt such rules as they deem advisable for proper enforcement of that Act merely served, in many instances, but to add legislative sanction to a practice already obtaining in some local jurisdictions in the matter of compelling the filing of a statement of claim. Not unnaturally, such rules varied widely: see 3 Standard Pennsylvania Practice §85, pp. 194-195, and annotations; also 5 Standard Pennsylvania Practice §69, pp. 64-66. In the absence of a rule of court in such regard, laches was the gauge by which it was determined whether a plaintiff should suffer a judgment of *non pros.* for failure to file his statement of claim timely. Necessarily, in such circumstances, the result in each instance depended upon the facts of the particular case. There was no fixed rule as to the length of delay that would prevent a plaintiff's proceeding: see *Pennsylvania Railroad Company v. Pittsburgh,* 335 Pa. 449, 455, 6 A. 2d 907, where *Insurance Co. v. Clinger,* 10 Pa. Superior Ct. 92, 102, was quoted from with approval. In that situation, Rule 1037 (a) was adopted in order to render the cognate practice both definite and uniform throughout the State.

That the Rules of Civil Procedure were not designed to limit or restrict the power of our courts to grant relief, for cause shown, from default judgments was implicitly recognized in *Pinsky v. Master,* 343 Pa. 451, 452, 23 A. 2d 727, even though the relief there asked for was denied. The default against which the plaintiff sought relief in the *Pinsky* case was his failure to file a supplementary statement to an additional defendant's statement within twenty days, as required by Rule 2258, Pa. R. C. P., which also provided in paragraph (c) that

"The failure of the plaintiff to file a supplementary statement within the period fixed . . . shall bar him from any recovery against such additional defendant." The appeal was disposed of on the merits and was not summarily dismissed; the implication is plain that enforcement of the penalty prescribed for the particular default depended ultimately upon the court's exercise of a sound discretion.

The crucial question, then, is whether the action of the learned court below constituted an abuse of discretion. That an exercise of discretion, relieving from a judgment entered by default, is reviewable only for an abuse is so firmly established in the law as to require little citation of authority. In *Scott v. McEwing*, 337 Pa. 273, 274-275, 10 A. 2d 436, we observed that "The power of a court to grant relief from a judgment entered by default due to a mistake or oversight of counsel is one frequently exercised in the interest of justice, and we have repeatedly said that this Court will not interfere with the lower court's action unless it is clearly shown that its discretion has been abused: [citing cases]." Furthermore, the propriety of the relief is to be adjudged on the basis of equitable principles; such proceedings are equitable in nature and are to be ruled accordingly: see *Horn v. Witherspoon*, 327 Pa. 295, 296, 192 A. 654, and cases there cited. In the present instance, the learned court below found on substantial evidence, which it justifiably accepted as credible, that the delay in not having the plaintiff's complaint ready for filing until two days after the day certain fixed by the court's order for that purpose was due to unusual exactions upon counsel's time and upon his clerical facilities; [1] and

[1] This was but one of twenty-three suits by various plaintiffs against the same defendant on similar causes of action. By agreement of all parties, the outcome of this appeal will determine the disposition of the like procedural question in the other cases.

that the delay was excusable. The plaintiff's application for the relief was prompt. In fact, it was almost immediate. In such circumstances, we could not properly say that the court abused its discretion in striking off the default judgment.

Order affirmed.