381 A.2d 478

**William L. HERSHEY**

v.

**Frank SEGRO and Mary Segro, his wife, and Richard C. Stoll, Sr. and Dorothy R. Stoll, his wife.**

**Appeal of Frank SEGRO and Mary Segro.**

Superior Court of Pennsylvania.

Argued June 20, 1977.

Decided Dec. 28, 1977.

James P. Coho, Lancaster, with him Marshall M. Cohen, Lancaster, for appellants.

No appearance entered nor brief submitted for appellee, William L. Hershey.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

Appellants Frank Segro and Mary Segro contend that the court below erred in striking off a judgment of non pros entered against appellee William L. Hershey. We, however, are satisfied that the lower court acted properly and affirm.

The facts necessary to a decision are undisputed and may be summarized as follows: On December 29, 1972, appellee filed a praecipe for a writ of summons in trespass, naming Frank Segro, Mary Segro, Richard Stoll and Dorothy Stoll as defendants. No complaint having been filed, the Stolls, on February 5, 1973, ruled appellee to file his complaint within twenty days or suffer a judgment of non pros. See Rule 1037(a), Pa.R.C.P.[1] The lower court subsequently granted appellee an extension of time within which to file his complaint. However, when that period passed without a complaint having been filed, the Stolls, on March 23, 1973, caused judgment of non pros to be entered of record in their favor.

On September 26, 1975, appellants by praecipe directed the prothonotary to enter a judgment of non pros in their favor because appellee had never filed his complaint; the prothonotary thereupon entered such judgment of record. On January 2, 1976, appellee filed his petition to strike off

1. Rule 1037(a) provides:
   If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.

the judgment of non pros. Appeal is taken to this Court from the order of the court below granting appellee's petition and striking off the judgment of September 26, 1975.

It is well-established that a motion to strike off a judgment of non pros challenges only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining. *Saint Vladimir Ukrainian Orthodox Church v. Preferred Risk Mutual Insurance Company,* 239 Pa.Super. 492, 362 A.2d 1052 (1976). Our scope of review on appeal from an order striking off a judgment of non pros is distinctly delimited. "[U]nlike a review of an order granting the opening of a judgment wherein the test is whether there was an abuse of discretion on the part of the court below,[2] on our review of this order we look only to the record to ascertain the presence of any defects . . .." *Cox v. Felice Perri and Sons,* 412 Pa. 415, 418, 195 A.2d 79, 80–81 (1963) (footnote added). In the instant case, appellants contend that an examination of the record reveals no defects and that the order appealed from is, therefore, invalid. We disagree.

The lower court concluded that the judgment of non pros in favor of appellants had been improvidently entered because they had not first served on appellee a rule to file his complaint in accordance with Pa.R.C.P. 1037(a). Appellants take the position that it was unnecessary for them to rule appellee to file a complaint in view of the fact that this had already been done by the Stolls on February 5, 1973; reliance is placed on *Donaldson v. Cohen and City of Scranton,* 30 Lack.Jur. 120 (1928).

It is true, as appellants contend, that in *Donaldson* a judgment of non pros entered as of course in favor of one

2. In determining whether a lower court has abused its discretion in opening or refusing to open a judgment of non pros, we must consider whether three requirements have been met: (1) the petition to open should be timely filed, (2) the reason for the default must be reasonably explained or excused, and (3) facts constituting grounds for a cause of action should be alleged. *Kennedy v. Board of Supervisors of Warminster Township,* 243 Pa.Super. 46, 364 A.2d 442 (1976).

defendant was held to inure to the benefit of all defendants. But appellants ignore the fact that a local rule of court was there involved which specifically limited to one year the time within which a plaintiff could file his complaint and expressly directed the prothonotary to enter a judgment of non pros upon a plaintiff's failure to comply. It was because of that local rule that the prothonotary could not enter judgment in favor of one defendant, leaving suit pending against another.

We would point out, however, that there no longer can be a local rule of court which permits a defendant to enter a judgment of non pros after a specific period of delay on the part of the plaintiff in filing his complaint. *Glass v. Farmers Nat. Bk. of Watsontown*, 364 Pa. 186, 70 A.2d 356 (1950). Rule 1037(a) has clearly abolished that practice and *Donaldson* thus loses its persuasiveness. Under present rules, the power of the prothonotary to enter judgment of non pros upon praecipe of the defendant can *only* be exercised where the defendant has first served upon plaintiff a rule to file his complaint.

Since the instant record reveals that appellants did not rule appellee to file his complaint, the prothonotary had no authority to enter a judgment of non pros in their favor. The same, therefore, was properly stricken.

Order affirmed.

PRICE, J., files a dissenting opinion.

PRICE, Judge, dissenting:

I dissent. The passage of almost two years and ten months from praecipe for a writ to entry of a non pros judgment in a trespass action for personal injuries coupled with the fact that *no* complaint was filed for a period exceeding three years supports the entry of this judgment of non pros. No proper reason is advanced to remove it.

Pa.R.C.P. 1037(c) provides:

"In all cases, the court, on motion of a party, may enter an appropriate judgment against a party upon default or admission."

The statute of limitation, while not an absolute measure of default in prosecutions, does provide a yardstick of some value, and it has often been said that such a time limit in a non pros situation imposes no hardship on those bringing the suit. It is clearly the law of Pennsylvania that one who brings another into court should prosecute the claim with reasonable diligence. I believe appellee has failed to comply with this requirement.

I would reverse the order of the lower court.