488 A.2d 39

**Margaret STORM**

v.

**W. Brian GOLDEN, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1984.

Filed Jan. 30, 1985.

Susan Danielski, Philadelphia, for appellant.

Edwin Krawitz, East Stroudsburg, for appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WICKERSHAM, Judge:

In this case, W. Brian Golden appeals from the Order of the Court of Common Pleas of Monroe County granting the petition of Margaret H. Storm, appellee herein, to open a judgment of non pros. We affirm.

In June of 1981, Margaret H. Storm filed and served on W. Brian Golden a summons in trespass. By letter dated

December 3, 1981, counsel for Golden sent to Storm's counsel a copy of his entry of appearance and a copy of a praecipe for rule to file a complaint. This praecipe was filed on December 7, 1981 and the rule issued on the same day. *The rule, however, was never served on Storm or her counsel.*

Appellant Golden was deposed on February 18, 1982. By letter dated February 19, 1982, Golden's counsel requested Storm's counsel to file a complaint within ten (10) days or suffer a non pros pursuant to the rule issued earlier. On February 24, 1982, Storm's attorney *responded by stating that he had never been served with a rule to file a complaint.* In the same letter, Storm's counsel requested a thirty (30) day extension of time in which to file a complaint. As a result of appellee's continued failure to file a complaint, appellant filed a praecipe for the entry of judgment of non pros on March 31, 1982 and the prothonotary entered judgment of non pros on the same day. Also on the same day, appellee Storm filed her complaint in trespass.

On April 2, 1982, Storm's counsel sent a letter to Golden's counsel reiterating the fact that he had never been served with a rule to file a complaint and setting forth his contention that, therefore, the judgment of non pros could not be properly entered. He further suggested that Golden's counsel ignore the allegedly improperly-entered judgment and accept service of the complaint. On April 15, 1982, Golden filed preliminary objections to Storm's complaint contending that the filing of a complaint in an action in which a judgment of non pros had been entered in favor of the defendant was contrary to law. Storm filed an answer to the preliminary objections on May 25, 1982. On July 23, 1982, Golden filed a memorandum of law in support of his preliminary objections. Storm filed a petition to open the judgment of non pros on July 27, 1982. The lower court heard arguments as to Storm's petition to open judgment and, on November 12, 1982, issued an opinion and order granting the petition. This appeal timely followed.

Appellant raises the following issues before this court:

1. The trial court abused its discretion in failing to rule upon whether the plaintiff had met the requirements for opening a judgment of non pros.

2. The trial court abused its discretion in finding that the plaintiff did not have actual notice of a rule to file a complaint and in ruling that the judgment of non pros had been improperly entered.

3. The trial court abused its discretion in failing to take as true the appellant's answer to the petition to open the judgment of non pros in that appellee ordered this petition on for argument upon the petition and answer without taking any discovery pursuant to Pa.R.C.P. 209.

Brief for Appellant at iii.

We will address appellant's second issue first. Appellant acknowledges that the rule to file a complaint was never served upon appellee or her counsel; nevertheless, he argues that the lower court erred in finding that the appellee did not have actual notice of the existence of the rule. Appellee contends that she did not have actual notice of the rule and that, in any event, the Pennsylvania Rules of Civil Procedure require service of the rule upon her before a judgment of non pros can be entered.

Pa.R.C.P. No. 1037(a) provides in pertinent part:

(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days *after service of the rule,* the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.

(emphasis added).

Appellee argues that the explicit language of this rule prohibits the prothonotary from entering a judgment of non pros until 20 days after the rule to file a complaint is *actually served.* We agree.

In *Hershey v. Segro,* 252 Pa.Super. 240, 381 A.2d 478 (1977), William Hershey filed a writ of summons against the Segros and the Stolls. The Stolls ruled Hershey to file a

complaint within 20 days or suffer a non pros. The lower court subsequently granted Hershey an extension of time within which to file his complaint. When that period passed without a complaint being filed, the Stolls caused a judgment of non pros to be entered in their favor. By praecipe, the Segros then directed the prothonotary to enter a judgment of non pros in their favor because Hershey had never filed his complaint. The prothonotary entered a judgment of non pros in favor of the Segros. However, the lower court struck off the latter judgment as being improvidently entered, on the ground that the Segros had not first served on Hershey a rule to file his complaint in accordance with Pa.R.C.P. 1037(a). On appeal, this court affirmed the lower court's ruling. Although the Segros' codefendants had ruled Hershey to file a complaint, the Segros had not; therefore, the prothonotary had no authority to enter judgment of non pros in their favor. The court stated: "Under present rules, the power of the prothonotary to enter judgment of non pros upon praecipe of the defendant can *only* be exercised where the defendant has first served upon plaintiff a rule to file his complaint." *Id.*, 252 Pa.Superior Ct. at 243, 381 A.2d at 479 (emphasis is in original).

Service of the rule to file a complaint is explicitly required by Rule 1037(a). One commentator on Rule 1037(a) has noted:

> The Rule provides for the entry of the judgment of non-pros by the prothonotary upon "praecipe" of the defendant. This, however, cannot be filed until 20 days after "service" of the rule to file the complaint. Although there is no specific provision for an affidavit of service, it is clear that the defendant will never succeed in obtaining the entry of judgment without furnishing the prothonotary with a sworn proof of the service of the rule at least 20 days prior to the date he asks for judgment.

2 *Goodrich-Amram* 2d § 1037(a):1 (footnote omitted). *Accord* 7 *Standard Pennsylvania Practice* 2d § 39:94.

We hold, therefore, that the prothonotary had no authority to enter judgment of non pros in favor of appel-

lant because the rule to file a complaint was never served on appellee. Thus, the lower court did not err in opening the judgment of non pros.[1]

In his first issue, appellant avers that the lower court erred in granting appellee's petition without first considering whether appellee had met the requirements for opening a judgment of non pros. As appellant correctly states, ordinarily three factors must coalesce before a judgment of non pros can be opened: (1) the petition to open must be timely filed; (2) the reason for the delay must be reasonably explained or excused; and (3) sufficient facts constituting grounds for a cause of action must be alleged. *Perri v. Broad Street Hospital*, 330 Pa.Super. 50, 478 A.2d 1344 (1984). Instantly, however, appellee was never served with the rule to file a complaint. Pa.R.C.P. 1037(a) grants the prothonotary the authority to enter a judgment of non pros only after service of the rule. We have held that since the rule was never served, the prothonotary had no authority to enter the judgment. Thus, the judgment of non pros entered against appellee was invalid *ab initio*. The three requirements stated above need only be considered when a party seeks to open a properly entered judgment. Where, as here, the judgment was invalid from the outset, the

1. Even were we to hold that service of the rule is not necessary where there is proof of actual notice of the rule's issuance, we would nevertheless affirm the order of the lower court. The lower court did not abuse its discretion in finding that "[a]ctual notice is simply not apparent under the facts of the present matter." Lower ct. op. at 2–3. Appellant relies on pieces of correspondence between counsel to support his contention that appellee's counsel had actual notice of the rule. It is clear, however, that appellee's counsel's letter of February 24, 1982 explicitly informed appellant's counsel that he had never been served with the rule. Appellee's counsel therefore suggested that appellant's counsel check with the prothonotary on the status of the rule. While appellee's counsel did request a 30 day extension of time in which to file his complaint, he in no way intimated that he felt that he was under a legal obligation to file his complaint in that amount of time. Further, in his letter of April 2, 1982, appellee's counsel stated that he first became aware of the issuance of the rule when he checked the docket after the judgment of non pros was entered. Thus, we conclude that the record supports the lower court's finding that neither appellee nor her counsel had actual notice of the issuance of the rule to file a complaint.

lower court need not address whether the above-mentioned factors have been met. *Cf. Mischenko v. Gowton,* 307 Pa.Super. 426, 453 A.2d 658 (1982); *Liquid Carbonic Corp. v. Cooper & Reese, Inc.,* 272 Pa.Super. 462, 416 A.2d 549 (1979). Thus, the lower court did not abuse its discretion in granting appellee's petition to open the judgment of non pros.[2]

Order affirmed.

WIEAND, J., files a concurring statement.

LIPEZ, J., concurs in the result.

WIEAND, Judge, concurring:

I join the careful analysis prepared for the majority by Judge Wickersham. I write separately to observe that the defect in the judgment of non pros in this case was apparent on the face of the record. More correctly, therefore, the judgment should have been stricken.

---

**2.** As a result of our disposition of this appeal, we need not address appellant's third issue.