J. A19010/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SIBIL WHITE, ULYSSES BROWN, SABRINA WHITAKER AND MARGARET ANTHONY, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | No. 2839 EDA 2015 |
| VIVIENNE A. CRAWFORD, ESQUIRE | : | |

Appeal from the Order Entered August 4, 2015,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 141100103

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　**FILED NOVEMBER 08, 2016**

Sibil White, Ulysses Brown, Sabrina Whitaker, and Margaret Anthony (collectively, "appellants") appeal the order of August 4, 2015, denying their "motion to strike/open/vacate entry of ***non pros***." We affirm.

The trial court has aptly summarized the history of this case as follows:

> On March 9, 2015, [appellants] filed a complaint against [appellee] Vivienne Crawford, Esq., alleging, among other injuries, legal malpractice.[Footnote 1]  [Appellee] filed Notice of Intention to Enter a Judgment of Non Pros for Failure to File a Certificate of Merit ("COM") on May 14, 2015.  On June 16, 2015, [appellee] filed a Praecipe for Entry of Judgment of Non Pros; one week later, [appellants] filed a Petition to Strike the Entry of

---

* Former Justice specially assigned to the Superior Court.

Non Pros. On August 4, 2015, this Court denied the Petition to Strike.

> [Footnote 1] The other claims made were for breach of contract, breach of fiduciary duty, and loss of consortium. Those allegations are not at issue here.

> This case stems from [appellee]'s representation of [appellants] between 2009 and 2013 in a lawsuit against Saint Joseph's Hospital School of Nursing ("St. Joseph's"). [Appellants] retained as counsel [appellee] herein, who instituted an action against St. Joseph's claiming breach of contract and fraud. [Appellants] in that case were students at St. Joseph's who alleged they were "fraudulently prevented from passing classes and/or graduating by the school without cause." [Appellee], however, failed to name North Philadelphia Health System ("NPHS") as a party. After defendant St. Joseph's filed for bankruptcy, [appellee] herein sought to amend [appellants'] complaint to add NPHS. The Motion to Amend was denied because the statute of limitations had passed.

> As a result, [appellants] filed the instant action against [appellee] Crawford. [Appellants], however, failed to file a [COM] as is required in all professional malpractice actions pursuant to Pa.R.C.P. 1042.3(a). On May 14, 2015, sixty-six days after [appellants] filed their complaint [appellee] filed Notice of Intention to Enter a Judgment of Non Pros for Failure to File a COM. On June 16, 2015, thirty-three days later, [appellee] filed a Praecipe for Entry of Judgment of Non Pros. On June 23, 2015, [appellants] filed a Petition to Strike the Entry of Non Pros.

Trial court opinion, 11/18/15 at 1-2 (footnote 2 omitted).

The trial court denied appellants' petition to strike on August 4, 2015. This timely appeal followed.[1] Appellants were not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); however, on November 18, 2015, the trial court filed an opinion.

Appellants have raised the following issue for this court's review:

> Did the trial court commit an abuse of discretion in denying Appellants (Plaintiffs below), White, et al.'s Motion to Strike/Open/Vacate Entry of **Non Pros** when the Notice of Intent to Enter Judgment of **Non Pros** was not served electronically pursuant to Local Rule?

Appellants' brief at 8.

"When reviewing a petition to open and/or strike a judgment of **non pros** pursuant to Pa.R.C.P. 1042.6, our Court may reverse the decision of the trial court only if we find that the trial court abused its discretion in reaching its determination." **Zokaites Contracting Inc. v. Trant Corp.**, 968 A.2d 1282, 1286 (Pa.Super. 2009), **appeal denied**, 985 A.2d 972 (Pa.

---

[1] The trial court's interlocutory order is appealable as of right pursuant to Pa.R.A.P. 311(a)(1) (stating that orders refusing to open, vacate, or strike off a judgment are appealable as of right). **See Krauss v. Claar**, 879 A.2d 302, 303 n.4 (Pa.Super. 2005), **appeal denied**, 586 Pa. 713, 889 A.2d 1217 (2005) (noting that an order denying a motion to strike a judgment of **non pros** is appealable as of right pursuant to Pa.R.A.P. 311(a)(1)).

**Smith v. Friends Hosp.**, 928 A.2d 1072, 1074 n.1 (Pa.Super. 2007).

2009), quoting **Mumma v. Boswell, Tintner, Piccola & Wickersham**, 937

A.2d 459, 463 (Pa.Super. 2007) (citation omitted).

> "It is well-established that a motion to strike off a judgment of non pros challenges only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining." **Hershey v. Segro**, 252 Pa.Super. 240, 381 A.2d 478, 479 (1977). Additionally, the rule governing relief from judgment of non pros indicates in pertinent part:
>
> (b)    If the relief sought includes the opening of the judgment, the petition shall allege facts showing that
>
> > (1)    the petition is timely filed,
> >
> > (2)    there is a reasonable explanation or legitimate excuse for the inactivity or delay, and
> >
> > (3)    there is a meritorious cause of action.
>
> Pa.R.C.P. 3051(b).

**Varner v. Classic Communities Corp.**, 890 A.2d 1068, 1072 (Pa.Super.

2006). The dispute in this case focuses on the second element, **i.e.**,

whether appellants provided a legitimate excuse explaining their failure to

file a COM.

> Pa.R.C.P. 1042.3 applies to professional liability claims against licensed professionals. Pa.R.C.P. 1042.1(b)(1)(i). "The rule contemplates that a [COM] will be filed contemporaneously with or shortly after the filing of the complaint, and provides a 60–day window after the filing of the complaint to accomplish the filing of the [COM]." **Varner**[], 890

- 4 -

> A.2d [at] 1073 [] (citation, internal quotation marks, and brackets omitted). Among other things, a COM must contain a certified statement from a licensed professional that the defendant's conduct fell outside professional standards of care or that expert testimony is unnecessary for prosecution of the claim. Pa.R.C.P. 1042.3(a)(1)-(3).

*Zokaites*, 968 A.2d at 1286.

> If Pa.R.C.P. 1042.3 applies and the plaintiff fails to provide a COM, the prothonotary must, on praecipe of the defendant, enter a judgment of *non pros* against the plaintiff, so long as there is no pending timely filed motion seeking to extend the time to file a COM. *See* Pa.R.C.P. 1042.6(a) (amended June 16, 2008). A motion to extend the time for filing a COM must be filed on or before the date in which the filing of the COM is due–60 days after the filing of the complaint. *See* Pa.R.C.P. 1042.3(d) (amended June 16, 2008).

*Id.*

The crux of appellants' argument is that they were never properly served with 30-day notice of appellee's intention to file a praecipe for judgment of *non pros* as required by Pa.R.C.P. 1042.6 and 1042.7. Those rules provide, in pertinent part,

> (a) Except as provided by subdivision (b), a defendant seeking to enter a judgment of non pros under Rule 1042.7(a) shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, no sooner than the thirty-first day after the filing of the complaint.

Pa.R.C.P. 1042.6(a).

> > (a) The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that
> >
> > > (1) there is no pending motion for determination that the filing of a certificate is not required or no pending timely filed motion seeking to extend the time to file the certificate,
> > >
> > > (2) no certificate of merit has been filed,
> > >
> > > (3) except as provided by Rule 1042.6(b), the defendant has attached to the praecipe a certificate of service of the notice of intention to enter the judgment of non pros, and
> > >
> > > (4) except as provided by Rule 1042.6(b), the praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter the judgment of non pros.

Pa.R.C.P. 1042.7.

Here, appellee complied with all the requirements of Rules 1042.6 and 1042.7. Appellee waited until May 14, 2015, 66 days after appellants filed their complaint, to file notice of intention to enter judgment of ***non pros***. The Rule 1042.6 notice was filed with the prothonotary, time-stamped, and entered on the docket. Appellee attached an affidavit of service to the Rule 1042.6 notice indicating that service was made upon counsel for

appellants via first-class United States mail. (Docket #15.) Appellants failed to respond, and appellee filed a praecipe for entry of judgment of **non pros** 33 days later.

Appellants complain that under local rule, the prothonotary was required to serve them with a copy of the Rule 1042.6 notice electronically, via e-mail. Appellants argue that the failure to do so constitutes a breakdown in court operations. Pa.R.C.P. 205.4 provides, in pertinent part:

> (a)(1)   A court by local rule may permit or require electronic filing of legal papers with the prothonotary and shall specify the actions and proceedings and the legal papers subject to the rule.

Pa.R.C.P. 205.4(a)(1).

> (g)(1)   Copies of all legal papers other than original process filed in an action or served upon any party to an action may be served
>
> > (i)   as provided by Rule 440 or
> >
> > (ii)   by electronic transmission, other than facsimile transmission, if the parties agree thereto or an electronic mail address is included on an appearance or prior legal paper filed with the court in the action. A paper served electronically is subject to the certifications set forth in subdivision (b)(3).
>
> (2)   Service by electronic transmission is complete when a legal paper is sent
>
> > (i)   to the recipient's electronic mail address, or

     (ii)     to an electronic filing system website and an e-mail message is sent to the recipient by the electronic filing system that the legal paper has been filed and is available for review on the system's website.

Pa.R.C.P. 205.4(g).

     (a)(1)     Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action. Service shall be made

     (i)     by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree[.]

Pa.R.C.P. 440(a)(1)(i).

Therefore, appellants were properly served by mail with a hard copy of the Rule 1042.6 notice of intention to enter judgment of ***non pros*** for failure to file a COM. Moreover, appellants do not dispute that they received actual notice of both the notice of intent and the praecipe for entry of judgment by first-class U.S. mail. As the trial court observed, "[appellants] had actual notice of both filings, and should have filed a COM or a motion to extend time for filing before the prothonotary entered a judgment of ***non pros***." (Trial court opinion, 11/18/15 at 4.) Appellants argue in their reply brief that, "Even if, as Appellee argues, Appellants had [] constructive notice,

- 8 -

Appellants are [] entitled to wait for and then rely upon the Prothonotary's docketing and **transmission**." (Appellants' reply brief at 4 (emphasis in original).) Appellants' argument misses the mark. Appellants cite no authority whatsoever for the proposition that the failure to be electronically served with a copy of the Rule 1042.6 notice tolled the 30-day time period within which to respond and/or constituted a breakdown in the operations of the court. Appellants had actual notice and simply chose not to respond. The trial court did not abuse its discretion in refusing to strike off judgment of **non pros**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016