J. S70006/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAYMOND BENDER, JR., | : | No. 980 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 13, 2018,
in the Court of Common Pleas of Monroe County
Criminal Division at No. CP-45-CR-0001770-2017

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 30, 2019**

Raymond Bender, Jr., appeals from the February 13, 2018 judgment of sentence entered in the Court of Common Pleas of Monroe County following entry of his ***nolo contendere*** plea to one count of unlawful contact with a minor-sexual offense.  The trial court sentenced appellant to a term of incarceration of 22 to 84 months.  We affirm.

The trial court set forth the following:

> On August 17, 2017, Appellant was charged by Criminal Information with one count each of Aggravated Indecent Assault—Complainant less than 16,[Footnote 1] Aggravated Indecent Assault without Consent,[Footnote 2] Indecent Assault without Consent of Other,[Footnote 3] Unlawful Contact with Minor—Sexual Offenses,[Footnote 4] Corruption of Minors—Defendant Age 18 or Above,[Footnote 5] and Indecent Assault—Person Less than 16 Years of Age.[Footnote 6]  The charges arise from a February 5, 2017, and February 16, 2017, incident

at a residence in Chestnuthill Townships [sic], Monroe County, Pennsylvania, involving a minor victim.

[Footnote 1] 18 Pa.C.S.A. § 3125(A)(8).
[Footnote 2] 18 Pa.C.S.A. § 3125(A)(1).
[Footnote 3] 18 Pa.C.S.A. § 3126(A)(1).
[Footnote 4] 18 Pa.C.S.A. § 6318(A)(1).
[Footnote 5] 18 Pa.C.S.A. § 6301(A)(1)(ii).
[Footnote 6] 18 Pa.C.S.A. § 3126(A)(8).

On September 5, 2017, this case was joined for trial via Notice of Joinder with case number 1868 CR 2017.

On November 6, 2017, Appellant pleaded *nolo contendere* to Amended Count I of the Criminal Information: Unlawful Contact with a Minor– Sexual Offenses.[Footnote 7]  On the same day, [w]e ordered the Sexual Offenders Assessment Board to conduct an evaluation of the Appellant to determine if the Appellant is a sexually violent predator ("SVP") prior to the imposition of sentence. Appellant filed a Motion to Preclude Evaluation on December 1, 2017, requesting that this Court preclude any evaluation being performed to make a determination into whether Appellant is an SVP.  A hearing was held on Appellant's Motion on January 9, 2018, and counsel were ordered to file briefs in support of their argument specifically regarding the use of an evaluation for purposes of a presentence investigation report and sentencing.  After review of both parties' briefs, Appellant's Motion was denied from the bench at Appellant's sentencing hearing.

[Footnote 7]  The Commonwealth filed an Amended Criminal Information on November 13, 2017, charging Appellant with Unlawful Contact with a Minor– Sexual Offenses (18 Pa.C.S.A. § 6318(A)(1)).

On February 13, 2018, [w]e sentenced Appellant to undergo a period of incarceration in a state

correctional institution for a period of not less than 22 months nor more than 84 months, said sentence to run consecutive with the sentence imposed in case number 1868 CR 2017 for an aggregate sentence of not less than 52 months nor more than 204 months.[Footnote 8]  Additionally, Appellant was found to be classified as a Tier 2 sexual offender subject to a 25-year registration period pursuant to SORNA[1] as set forth at 42 Pa.C.S.A. § 9799.23.

> [Footnote 8] In case number 1770 CR 2017, [w]e sentenced Appellant to a period of incarceration in a state correctional institution of not less than 15 months nor more than 60 months for Amended Count I of the Criminal Information—Corruption of Minors, and not less than 15 months nor more than 60 months for Amended Count II of the Criminal Information—Corruption of Minors, said sentences to run consecutively for an aggregate sentence of not less than 30 months nor more than 120 months.

On February 20, 2018, Appellant filed a Motion for Reconsideration of Sentence, which was denied by this Court's Order on the same day.  On March 20, 2018, Appellant filed a Notice of Appeal to the Superior Court appealing our September 13, 2018, Sentencing Order, and our February 20, 2018, Order Denying Appellant's Motion for Reconsideration of Sentence.  We ordered Appellant to file a Statement Pursuant to Pa.R.A.P. 1925(b) within 21 days and Appellant filed said statement on April 10, 2018.

Trial court opinion, 5/22/18 at 1-3 (citation to notes of testimony omitted).

Appellant raises the following issues for our review:[2]

---

[1] The Sexual Offender Registration and Notification Act ("SORNA").

[2] We have re-ordered appellant's issues for ease of disposition.

1. Did the [trial] court abuse its discretion at sentencing by allowing the Sexually Violent Predator Assessment to be considered at the time of sentencing for purposes other than determination if [appellant] was a Sexually Violent Predator, where all of the information is already available to the court and [appellant] did not have a chance to confront the person who did the evaluation about their opinions and professional determinations, when a [d]efendant cannot be declared a Sexually Violent Predator?

[2.] Did the [trial] [c]ourt abuse its discretion at sentencing when it is a violation of [appellant's] due process constitutional rights under the United States and Pennsylvania Constitutions where SORNA's requirements are punitive and not just civil requirements?

[3.] Is it a violation of [appellant's] due process constitutional rights under the United States and Pennsylvania Constitutions where mandatory reporting compliance with SORNA's requirements are an affirmative restraint upon [appellant] and such restraint is punitive?

[4.] Did the [trial] [c]ourt abuse its discretion at sentencing when it required [appellant] to register under SORNA?

[5.] Is it a violation of [appellant's] due process constitutional rights under the United States and Pennsylvania Constitutions where compliance with SORNA's requirements are invested in the state police?

Appellant's brief at 7.

In his first four issues, appellant relies on our supreme court's decision

in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017) (OAJC),

***cert. denied sub nom. Pennsylvania v. Muniz***, 138 S.Ct. 925, 200 L.Ed.

2d 213, 2018 WL 491630 (U.S. 2018), and this court's decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa.Super. 2017), to argue that his sentence is unconstitutional. The sum and substance of these complaints is that the trial court abused its discretion when it considered the assessment that the sexual offenders assessment board ("SOAB") performed on appellant prior to imposing sentence because a SOAB assessment is unconstitutional pursuant to this court's decision *Butler* and that because our supreme court in *Muniz* held that SORNA's registration requirements are punitive, they cannot be applied to him. Appellant is mistaken.

In *Muniz*, our supreme court held that SORNA'S registration requirements constitute criminal punishment, as opposed to a mere civil penalty, and therefore, their retroactive application violates the *ex post facto* clause of the U.S. Constitution. *Muniz*, 164 A.3d at 1192. Thereafter, in *Butler*, this court concluded that because *Muniz* held SORNA's registration requirements are punitive and an SVP designation increases the registration period, trial courts cannot apply SORNA's increased registration requirement to SVPs because SORNA does not require a fact-finder to determine, beyond a reasonable doubt, that the defendant is an SVP. *Butler*, 173 A.3d at 1217-1218, citing *Alleyne v. United States*, 570 U.S. 99 (2013). We further found 42 Pa.C.S.A. § 9799.24(e)(3) unconstitutional and directed trial courts to apply only the applicable tier-based registration period, as those periods apply based on the

conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact-finder. *Butler*, 173 A.3d at 1218.

Here, appellant's reliance on *Muniz* and *Butler* is misplaced. First, appellant was not deemed an SVP in violation of *Butler*. Rather, the trial court complied with this court's directive in *Butler* when it required appellant to register under the applicable tier-based registration period based upon appellant's conviction itself and not based upon any additional fact not found by a fact-finder. Second, because SORNA was not retroactively applied to appellant, *Muniz* provides no relief. Third, neither *Muniz* nor *Butler* held that a SOAB assessment is unconstitutional. Appellant's constitutional challenges, therefore, lack merit.

Appellant appears to challenge the discretionary aspect of his sentence by claiming that the trial court's consideration of the SOAB assessment somehow constituted an abuse of discretion even though "[t]he author of the SVP report had the same information available to them as did the probation officer that did the pre-Sentence Investigation." (Appellant's brief at 12.)

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see***

> Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted; brackets in original).

Here, appellant filed a timely notice of appeal, but did not properly preserve, in a post-sentence motion seeking reconsideration of sentence, his seeming challenge that the court abused its discretion by considering the SOAB assessment. Additionally, appellant failed to include in his brief the requisite Rule 2119(f) statement. Consequently, to the extent that appellant challenges a discretionary aspect of his sentence, appellant has failed to invoke this court's jurisdiction.[3]

---

[3] We note that the Commonwealth did not object to appellant's failure to include a Rule 2119(f) statement. Therefore, had appellant properly invoked this court's jurisdiction by preserving his discretionary challenge in a post-sentence motion for reconsideration of sentence, appellant's failure to include a Rule 2119(f) statement in his brief would not automatically result in waiver of his discretionary sentencing challenge. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1271 (Pa.Super. 2013) (reiterating that this court may address a discretionary sentencing challenge where the Commonwealth does not object to defendant's failure to include a Rule 2119(f) statement in the appellate brief). Had appellant properly invoked our jurisdiction, however, appellant would have failed to raise a substantial question for our review because he advances no argument that the trial court's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or

In his final issue, appellant maintains that the courts, and not the state police, should "be the ones that monitor [SORNA] compliance" because "[a]ppellant does not see the reason the State Police need to have standing." (Appellant's brief at 20.) Appellant then relies upon **Commonwealth v. Harmon**,[4] which he indicates was decided by a Philadelphia trial court and which he claims "is similar" to his case. (**Id.** at 21.)

Notwithstanding the fact that a trial court decision is not binding upon this court (**see Dental Care Assocs., Inc. v. Keller Eng'rs, Inc.**, 954 A.2d 597, 603 (Pa.Super. 2008)), appellant fails to demonstrate how his case is "similar" to **Harmon**. Consequently, appellant waives this claim on appeal. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (reiterating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"); citing to **Commonwealth v. Walter**, 966 A.2d 560, 566 (Pa. 2009); **Commonwealth v. Steele**, 961 A.2d 786, 799 n.12 (Pa. 2008); **Commonwealth v. Puksar**, 951 A.2d 267, 293-294 (Pa. 2008). **See also**

---

(2) contrary to the fundamental norms which underlie the sentencing process. **See Commonwealth v. Swope**, 123 A.3d 333, 338 (Pa.Super. 2015).

[4] We note that we were unable to locate this decision based upon the citation that appellant provided.

Pa.R.A.P. 2119(a) (requiring that each point treated in an argument must be "followed by such discussion and citation of authorities as are deemed pertinent"). Finally, we note that our supreme court has long held that it is not the court's obligation to formulate an appellant's arguments. ***See Commonwealth v. Wright***, 961 A.2d 119, 135 (Pa. 2008); ***Commonwealth v. Thomas***, 717 A.2d 468, 482-483 (Pa. 1998).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/19