# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre D. Butler,                          :
                          Appellant       :
                                          :
            v.                            :    No. 560 C.D. 2019
                                          :    SUBMITTED:  December 8, 2025
The Philadelphia Parking Authority        :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  March 10, 2026**


Andre D. Butler, Appellant, *pro se*, appeals from the January 12 and December 31, 2018 orders of the Court of Common Pleas of Philadelphia County denying his motions for summary judgment and the May 6, 2019 order of the trial court denying his petition to open judgment of non pros (Petition).[1]  We affirm.

---

[1] This case has followed a convoluted path to this point.  This Court quashed an earlier interlocutory appeal from the January 12, 2018 order denying his first motion for summary judgment.  *See Butler v. The Philadelphia Parking Auth.* (Pa. Cmwlth., No. 93 C.D. 2018, filed February 9, 2018).

Instantly, Appellee, the Philadelphia Parking Authority, filed a motion to quash the appeal arguing, in part, that Appellant sought to review non-final orders and failed to properly appeal the trial court's May 6, 2019 final order.  This Court disagreed, deeming Appellant's notice of appeal as timely filed from the May 6, 2019 final order.

The following facts are derived from the original record received from the trial court and generally agreed upon by the parties.[2]  In December 2016, a 1986 Ford Mustang (vehicle) was parked on a public street in Philadelphia.  Due to delinquent parking tickets associated with the license plate then attached to the vehicle,[3] the Philadelphia Parking Authority booted the vehicle. The Authority had the vehicle towed to an impoundment lot the following day.  Although the vehicle was not titled or registered in Pennsylvania, Appellant was aware that the vehicle was impounded and contacted the Authority in attempts to retrieve it.  The vehicle was sold at auction in January 2017.

Appellant filed a small claims suit in the Philadelphia Municipal Court in February 2017, alleging that the Authority illegally took and sold his vehicle and personal property contained therein.  The Municipal Court entered a judgment in favor of Appellant for $3,112, representing the value of a ring found to have been inside the vehicle ($3,000) and court costs.  The Authority appealed the Municipal Court's judgment to the trial court and Appellant filed a complaint, and then an amended complaint, under 42 U.S.C. § 1983, alleging a violation of his due process rights.  In December 2017, Appellant filed a motion for summary judgment, which the trial court denied on January 12, 2018, "because genuine issues of material fact remain in dispute[.]"  Original Record "O.R." Item No. 25.  In July 2018, an arbitration award was entered in favor of the Authority.  Appellant appealed and

_____

[2] We note that the trial court's opinion did not address Appellant's arguments but only opined that his appeal should be quashed because he did not formally appeal a final order.  Thus, there are no findings of fact or conclusions of law to review.  Nevertheless, we believe the essential facts are sufficiently evident and exercise our discretion to proceed to the merits of the case.

[3] The towing receipt indicates no license plate was affixed at the time the vehicle was towed.  It seems to be agreed that the license plate referred to on the tickets was assigned to a different vehicle titled and registered to a different owner.

demanded a jury trial. During a December 2018 pretrial settlement conference attended by both parties, the trial court set April 8, 2018, at 9:30 a.m., as the trial date. Notice of the trial date was also given by the trial court pursuant to Rule 236 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 236. Original Record "O.R." Item No. 49. Appellant again moved for summary judgment and the trial court denied this motion on December 31, 2018. On the date set for trial, Appellant failed to appear and a judgment of non pros was entered by the trial court *sua sponte* against Appellant. Appellant filed the Petition, which the trial court denied. The same day, Appellant filed the instant appeal in this Court.

On appeal, Appellant argues that the trial court erred in denying the Petition and denying his motions for summary judgment.[4]

---

[4] While Appellant includes 12 numbered issues, the majority of them challenge the trial court's denial of summary judgment. We treat these as arguments rather than discreet questions.

Appellant also argues that the Authority's actions constituted a "taking of property without the procurement of a warrant," Appellant's Br. at 19, and are therefore unconstitutional. To the extent this might otherwise be a cognizable argument, it was not asserted in his amended complaint and is therefore waived. *See* Pa. R.A.P. 302(a) ("[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"). Even were this not the case, the argument would be waived because it is not sufficiently developed, with the entirety of the argument comprising a single sentence citing two cases not relevant to the issues at hand, without any reference to evidence on the point. *See* Pa. R.A.P. 2119(a) and (d) (argument must have "such discussion and citation of authorities as are deemed pertinent" and "must contain a synopsis of the evidence on the point, with a reference to the place in the record where the evidence may be found").

At all events, the United States Supreme Court has recognized that the removal and impoundment of illegally parked vehicles is constitutionally permitted:

> Police will also frequently remove and impound automobiles which
> violate parking ordinances and which thereby jeopardize both the
> public safety and the efficient movement of vehicular traffic. The
> authority of police to seize and remove from the streets vehicles

**(Footnote continued on next page…)**

**Petition for Relief of Judgment of Non Pros**

When cases are listed for trial, "it is incumbent on the parties' attorneys, *or the parties themselves if they are not represented by counsel*," to appear when called. *Abraham Zion Corp. v. After Six, Inc.*, 607 A.2d 1105, 1109 (Pa. Super. 1992) [quoting *Williams v. Gallagher*, 579 A.2d 403, 404 (Pa. Super. 1990)].[5] Rule 218(a) of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 218(a), states that, when a case is called for trial and the plaintiff is not ready and "without satisfactory excuse[,]" the trial court may *sua sponte* enter a judgment of non pros. Rule 218(c) provides that "[a] party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." Pa.R.Civ.P. 218(c).

A petition seeking relief from a judgment of non pros must allege facts showing, *inter alia*, that "there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros." Pa.R.Civ.P. 3051(b)(2). A request to open a judgment of non pros is one of grace and not of right and is within the sound discretion of the trial court. *See Jacobs v. Halloran*, 710 A.2d 1098, 1101 (Pa. 1998). An abuse of discretion requires more than an error of judgment. *Neshaminy Constructors, Inc. v. Plymouth Twp.*, 572 A.2d 814, 817 n.1 (Pa. Cmwlth. 1990) (citation omitted). Discretion is abused if, when reaching a conclusion, the trial court overrides or misapplies the law, or the trial court's exercise

---

> impeding traffic or threatening public safety and convenience is beyond challenge.

*S. Dakota v. Opperman*, 428 U.S. 364, 368–69 (1976) (footnote omitted). In Philadelphia, impoundment orders are enforced by the Authority. *See* 75 Pa.C.S. § 6309.1(b) ("In cities of the first class, the issuing authority shall direct enforcement of the impoundment order by the . . . Authority").

[5] Superior Court decisions may be relied upon as persuasive authority for this Court. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

of judgment is "manifestly unreasonable[,] or the result of partiality, prejudice, bias, or ill will[.]" *Id.*

Citing Rule 237.3 of the Pennsylvania Rules of Civil Procedure, Appellant argues that the Petition was filed within ten days of the entry of judgment of non pros and, therefore, the trial court was obligated to open the judgment. Appellant's reliance on Rule 237.3 is misplaced, as that rule specifically applies to a judgment of non pros entered pursuant to Rule 1037(a), Pa.R.Civ.P. 1037(a), where a plaintiff fails to file a complaint or a defendant fails to file an answer thereto. Rather, as noted above, Rule 3051 governs the procedure for obtaining relief from a judgment of non pros. Although Appellant's Petition was timely, he has not provided a reasonable explanation or legitimate excuse for not appearing on the date set for trial. Appellant states the following:

> Mr. Butler then later missed the trial date because of confusion from the settlement meeting where the [Authority's] council [sic] stated they were going to seek a different date if [he] agreed, [w]hich [he] did and [he] miss heard [sic] their alleged date by one day and promptly filed a motion to open the [j]udgment of non pros the very next day.

Appellant's Br. at 10 (emphasis and italics removed).[6]

---

[6] Petitioner and the Authority offer differing accounts of what happened on the appointed day for trial, neither of which is supported by evidence of record. According to Petitioner,

> Mr. Butler was called the morning of trial and was told that he was late & Mr. Butler explained that he was at Staples making copies for the trial which he believed was the next day. Mr. Butler stated that he could make it down to court within 15-20 mins but was told not to come. Mr. Butler filed to open his judgment of non-pros with a meritorious claim and receipts that were time stamped to prove his location and where abouts [sic] during the call.

**(Footnote continued on next page…)**

The record reflects that after the settlement conference on December 4, 2018, notice of trial attachment was issued, which specified the date and time for trial, and was given by the Prothonotary under Rule 236, Pa.R.Civ.P. 236, on December 5, 2018. O.R., Item No. 49. Appellant does not claim he did not receive notice or received erroneous notice, but that he misheard a verbal communication informally given at the settlement conference and then misunderstood opposing counsel to be seeking a continuance, when no such relief was requested or granted. It cannot be said in this circumstance that the trial court abused its discretion either in entering a judgment of non pros or in denying relief from it.[7]

---

Appellant's Br. at 10 (italics removed). The Authority states as follows:

> On April 8, 2019, Appellant failed to appear for trial. The Authority agreed with the trial court's staff that they should try to call Appellant, to which they were unsuccessful in reaching him. After having waited 1.5 hours, a Judgment of Non Pros was entered against Appellant for having failed to appear for trial.

Appellee's Br. at 7. No transcript of the trial court proceedings of April 8, 2019, appears in the original record.

[7] Appellant's primary object in this appeal is to obtain summary judgment. Appellant evidently believes the opening of the judgment of non pros would be futile and seeks such relief only in the alternative: "There is no Post deprivation hearing that could make Mr. Butler whole." Appellant's Br. at 32. Appellant elaborates:

> [A]s an aside Mr. Butler believes because the passage of time from the original date of this event which occurred on 12/14/16 and it being almost ten years later, he would be prejudiced as a pro se appellant as he does not have the resources to recover a lot of the items (papers) he lost because of moving and not having a stable lifestyle to keep some of the original documentation and exhibits from all those years ago.

*Id.* at 32-33.

**Summary Judgment**

With regard to summary judgment, Appellant argues that he established ownership of the vehicle, Appellant's Br. at 14, 22-23, and, therefore, that the Authority improperly towed and sold the vehicle to cover the obligations of another party, to whom the license plate on the ticketed vehicle belonged, *id.* at 16-17, 20-21, and that the car was taken without legal basis and in violation of his constitutional due process rights because he was not given notice. Appellant contends, *inter alia*, that the documents attached to his summary judgment motions establish his ownership of the vehicle[8] and that his ownership was known to the Authority. Appellant further argues that the vehicle was not subject to being towed because the parking tickets denoted a license plate issued to someone else and assigned to a different vehicle.[9]

The Authority responds that Appellant, *inter alia*, never established that he owned the vehicle, insofar as it was not titled or registered in accordance with applicable state law. Further, Appellant knew the Authority impounded his vehicle and Appellant was notified of the procedure for contesting the towing and impoundment, and to prove ownership of the vehicle—a hearing before the Philadelphia Bureau of Administrative Adjudications. Despite this, Appellant took no steps to recover the vehicle through the administrative process. The Authority

---

[8] Those include an affidavit by Appellant attesting to ownership; an illegible copy of a police report of a stolen vehicle; an email from the Authority to Appellant responding to his inquiries by the director of enforcement at the Authority stating that "I realize the [license] plate does not belong to you or the vehicle" (Appellant's Br. at Ex. 3) and admission of same (*id.* at Ex. 11); and a notarized letter from a previous title holder of the vehicle stating that he had conveyed the vehicle to Appellant.

[9] Appellant cites Section 12-2401 of the Philadelphia Traffic Code's definition of delinquency notice, which means "[a] notice sent to the registered owner of the vehicle for which a parking ticket against the license plate has been issued and has not been paid within the prescribed period of time." Philadelphia Traffic Code, Section 12-2401.

7

asserts that it properly immobilized, impounded, and sold the vehicle under applicable Philadelphia ordinance and state law.

Under Rule 1035.2 a party may move for summary judgment in whole or in part as a matter of law "[w]herever there is no genuine issue of material fact as to a necessary element of the cause of action . . . which could be established by additional discovery . . . ." Pa.R.Civ.P. 1035.2(1). Summary judgment is properly granted when, viewing the record in a light most favorable to the nonmoving party, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Metropolitan Edison Co. v. Reading Area Water Auth.*, 937 A.2d 1173, 1174 n.2 (Pa. Cmwlth. 2007) (citations omitted).

We reject Appellant's argument that the trial court improperly denied his motions for summary judgment, as the record reflects the existence of several issues of material fact. At a minimum, the parties dispute whether Appellant owned the vehicle at issue, whether Appellant properly contested the booting, impoundment and sale of the vehicle, and whether the Authority took appropriate steps to notify Appellant before auctioning the vehicle. Accordingly, the trial court did not err in denying Appellant's motions for summary judgment.

In light of the foregoing, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

Judge Dumas did not participate in the decision for this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre D. Butler, : 
               Appellant : 
               : 
               v. :    No. 560 C.D. 2019
               : 
The Philadelphia Parking Authority : 

# O R D E R

AND NOW, this 10th day of March, 2026, the orders of the Court of Common Pleas of Philadelphia County of January 12 and December 31, 2018, denying Appellant Andre D. Butler's motions for summary judgment, and of May 6, 2019, denying his petition to open judgment of non pros, are AFFIRMED.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita